# Dieruf et al. v. Louisville & Jefferson County Board of Health, et al.

March 7, 1947.

Lawrence F. Speckman, Judge.

Cyril C. Sehlinger for appellants.

Gilbert Burnett for appellees, Fielden Woodward and Woodward, Dawson, Hobson & Fulton for The Louisville Junior Chamber of Commerce, Amicus Curiae.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This declaratory judgment action was instituted by the Louisville and Jefferson County Board of Health and E. Leland Taylor, Mayor of the City of Louisville, against Edward H. Dieruf, Director of Finance for the city, and the Board of Aldermen of Louisville, wherein the validity of KRS 181.500 (1946 Edition) was involved. The chancellor upheld the constitutionality of the Act and this appeal followed.

By Chapter 74, page 263 of the Acts of 1928, which became KRS Chapter 181, the General Assembly enabled first class cities to construct, operate and maintain toll bridges through a Bridge Commission (hereinafter referred to as the Commission). The venture was to be financed by the city selling revenue bonds to be paid solely out of the tolls received from the bridge. Section 13 of that Act (KRS 181.500, 1944 Statutes) provides that when all the bonds have been fully satisfied the Commission shall stand dissolved and the legislative body of the city shall assume the collection of tolls, the maintenance and operation of the bridge.

During the war years there were munition and defense plants located north and south of the Ohio River in close proximity to this Louisville bridge, which caused such an increase in traffic crossing it that the tolls paid off the bonds much sooner than anticipated, and left a surplus of some $274,000 in the hands of the Commission. The 1946 General Assembly by Chapter 196, page 528 of the Acts of that year, (KRS 181.500, 1946 Statutes) amended sec. 13 of the 1928 Act (KRS 181.500, 1944 Statutes) by providing that after all bonds were paid and the Commission dissolved that any cash reserve on hand should be turned over to the city to be used in such manner as should be determined by its Mayor. The amendment further provides that the city shall convey the bridge to the Commonwealth to be operated by the Department of Highways.

The petition avers that pursuant to this 1946 amendment the surplus of $274,000 was paid to the city upon the dissolution of the Commission on or about Nov. 4, 1946, and that this sum is in the custody of the City Director of Finance, Edward H. Dieruf, and stands to the credit of the Mayor's special account; that on Dec. 16, 1946, the Mayor gave a written direction to Dieruf to pay $100,000 of this fund to the Louisville and Jefferson County Board of Health.

The Board of Aldermen questioned the Mayor's authority to spend this bridge fund at his own discretion and the Director of Finance refused to make the transfer, which resulted in the Mayor instituting this suit to have the court declare whether or not the General Assembly has the power to vest in the Mayor of the City of Louisville the disposition of this windfall fund to be used in such manner as may be determined by the Mayor. As above stated, the chancellor held the Legislature did have this power and the Director of Finance and the Board of Aldermen appeal.

Appellants insist that the judgment should be reversed on four grounds: 1. That this fund is a public fund and must be appropriated by the Board of Aldermen; 2. that under the pari materia doctrine the 1946 Act attempted to change the general statutory plan whereby the Board of Aldermen disburse city funds; 3. that the 1946 Act violates secs. 27, 28, 29, 59 and 60 of our Constitution; 4. that the General Assembly's attempt to delegate the power of the Board of Aldermen to the Mayor violates sec. 160 of our Constitution.

We will consider together the first two grounds for reversal urged by appellants. There can be no doubt that this is a public fund, as was expressly held in Louisville Bridge Commission v. Louisville Trust Co., 258 Ky. 846, 81 S. W. 2d 894, but it is not revenue raised by taxation over which the Board of Aldermen have the power of appropriation, as is provided in KRS 91.050 and 91.290. This fund is a windfall which the General Assembly found when it decided that the State should take over the bridge after the bonds were paid and it had authority to turn the fund over to the city to be expended by the Mayor rather than by the Board of Aldermen.

We must disagree with appellants that the pari materia doctrine of construction of statutes applies here. It is written in 50 Am. Jur. sec. 349, p. 345, that statutes in pari materia are not to be considered as isolated fragments of law, but as a whole or as a part of a connected system, unless a different purpose is clearly shown, as it will be presumed, in the absence of words specifically indicating to the contrary, that the Legislature did not intend to "innovate on, unsettle, disregard, alter or violate a general statute or system of statutory provisions the entire subject matter of which is not directly or necessarily involved in the act." As we have just stated in the preceding paragraph, this windfall is not the usual fund the Board of Aldermen appropriates and the 1946 Act has nothing to do with the disbursement of the usual funds of the city, but it does provide in positive, clear and unequivocal terms that this windfall shall be used in such manner as shall be determined by the Mayor. This takes the Act out of the pari materia rule of statutory construction.

Whether or not it would have been wiser or more appropriate for the General Assembly to put this fund at the disposal of the Board of Aldermen rather than the Mayor is no concern of the courts, as that rests entirely with the law-making body. The courts are only interested in the constitutionality and the interpretation of legislation. Johnson v. Com., 291 Ky. 829, 165 S. W. 2d 820.

While appellants refer in their brief to secs. 27, 28 and 29 of the Constitution (creating and separating the three co-ordinate branches of government), they admit these sections do not apply to municipal governments, as was held in Bryan v. Voss, 143 Ky. 422, 136 S. W. 884; but they insist that the 1946 Act violates Subsec. 29 of sec. 59 of our Constitution inhibiting the enactment of special laws where general laws can be made applicable; and that it violates sec. 60 of that instrument which forbids the indirect enactment of special legislation by exempting any city or county from the operation of a general act. In a long and unbroken line of decisions this court has held that sec. 156 of the Constitution (classifying cities according to population for the purpose of organization and government), constitutes an exception to secs. 59 and 60, and that an act of the General As-

sembly limited to a city of a certain class and pertaining to municipal affairs is valid as being general rather than local or special legislation. A few of the cases so holding are Hager v. Gast, 119 Ky. 502, 84 S. W. 556; Kentucky Heating Co. v. City of Louisville, 174 Ky. 142, 192 S. W. 4; Klein v. City of Louisville, 224 Ky. 624, 6 S. W. 2d 1104; Logan v. City of Louisville, 283 Ky. 518, 142 S. W. 2d 161; Planters Bank & Trust Co. of Hopkinsville v. City of Hopkinsville, 289 Ky. 451, 159 S. W. 2d 25.

The Klein opinion lifted this from Walston v. City of Louisville, 66 S. W. 385, 386, 23 Ky. Law Rep. 1852: "A law for the government of cities is general when it applies to cities of a class."

Much reliance is placed by appellants in James v. Barry, 138 Ky. 656, 128 S. W. 1070 and Mannini v. McFarland, 294 Ky. 837, 172 S. W. 2d 631. However, those cases are clearly distinguishable from the one at bar.

In the James case the legislative act which was held to be in violation of Subsec. 29 of sec. 59 and of sec. 60, fixed a different time for the payment of the assessor of Jefferson County from the time at which the assessors of the other counties were paid. Manifestly, this was special legislation and it was pointed out in the opinion that the density of population in Jefferson County constituted no rational basis for the Legislature fixing the time for the payment of the assessor in that county different from the time the assessors in other counties should be paid.

In the Mannini opinion an act of the Legislature, prohibiting the operation of a poolroom or a bowling alley in fourth class cities in a room where alcoholic liquors were sold by retail, was held invalid on the ground that it was special legislation in violation of secs. 59 and 60 of our Constitution. It was there said the act did not purport to be directed at the regulation of municipal powers or matters of local government and there was no rational basis for the assumption that the sale of alcoholic beverages in a poolroom or a bowling alley in fourth class cities was accompanied by different consequences than such a sale in such a place in fifth or second class cities.

The Act before us pertains to bridges in cities of the first class and deals solely with local municipal govern-

ment, therefore it is not special legislation. While the subject involved in the legislation before the court in the James and Mannini cases was of state wide application, and when the General Assembly sought to limit the act in the James case to Jefferson County and the act in the Mannini case to only fourth class cities, it is evident that it indulged in local or special legislation.

Lastly, it is insisted by appellants that in authorizing the Mayor to determine how this fund should be expended the General Assembly violated sec. 160 of our Constitution in attempting to delegate to the Mayor the power of the Board of Aldermen. In Klein v. City of Louisville, 224 Ky. 624, 6 S. W. 2d 1104, practically this same question was raised when it was argued that the 1928 Act conferred legislative power on the Commission in permitting it to fix bridge tolls. We there held that this was not an invalid delegation of power but that the Commission functioned as an administrative body to carry out the legislative intent, and in so doing it was necessarily vested with some discretion. It might be well to state that the Klein case involved the constitutionality of the 1928 Act which provided for the construction, operation and maintenance of this same bridge. Practically all questions raised by appellants here were presented in the Klein case and they were decided adversely to the contentions now put forward by appellants.

The judgment is affirmed.