**CITY OF CORBIN, Robert Vanbeber, et al., Appellants,**

v.

**C. L. ROADEN et al., Appellees.**

Court of Appeals of Kentucky.

March 6, 1970.

Rehearing Denied June 5, 1970.

Samuel S. Cannon, Corbin, for appellants.

William J. Weaver, Lewis & Weaver, London, for appellees.

PALMORE, Judge.

This action was brought against the City of Corbin and the members of its governing body to contest the annexation of certain territory in Whitley County contiguous to the city. The defendants appeal from a judgment of the Whitley Circuit Court holding the annexation invalid for failure of the city to comply with the requirements of KRS 81.195.

KRS 81.195 was enacted in 1954 (c. 109, Acts of 1954). It applies only to cities of the third class located in two or more counties. Corbin is in that category. Briefly, this statute requires that the question of annexation be submitted to the voters residing in the area proposed to be annexed. Admittedly, the city did not comply with this procedure. Its contention is that KRS 81.195 violates §§ 59 and 156 of the Constitution of Kentucky and is void.

The general statute applicable to annexation by cities of the third class is KRS 81.190, first enacted in 1893 (c. 222, § 26, Acts of 1893). It does not permit a referendum by the voters of the affected area, but provides (by reference to KRS 81.110) that its residents and freeholders may petition "the circuit court of the county" and that the decision of the circuit court in such a proceeding shall be final.

§ 156 directs that cities within the Commonwealth shall be divided into six classes and provides that the "powers of each class shall be defined * * * by general laws, so that *all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions."* (Emphasis added.)

§ 59(29) provides that "where a general law can be made applicable, no special law shall be enacted."

In holding KRS 81.195 constitutionally valid the learned chancellor accorded much persuasive force to Klein v. City of Louisville, 224 Ky. 624, 6 S.W.2d 1104, 1107 (1928), which upheld an act enabling cities of the first class to construct and maintain bridges across navigable streams so as to connect with adjoining states. But insofar as that case is comparable with this one, all it really held was that if a statute on its face applies equally to all cities of the same class (even though there be but one city in the class) and is without the purview of Const. § 156, the provisions of Const. § 59 do not apply to it.[1] See also Dieruf v. Louisville & Jefferson County Board of Health, 304 Ky. 207, 200 S.W.2d 300 (1947). It is immaterial that some cities might be so situated that as a practical matter a general enabling statute does not apply to their particular circumstances. See Bryan v. Voss, 143 Ky. 422, 136 S.W. 884, 886 (1911), and Settle v. Jones, 306 Ky. 9, 206 S.W.2d 59, 61 (1947). In the instant case, KRS 81.195 does not so much as purport to apply equally to all cities of the third class, but is restricted expressly to those located in two or more counties. It conflicts at first blush with the requirement of Const. § 156 that all cities of the same class "shall possess the same powers and be subject to the same restrictions."

We do not find it necessary to decide whether some compelling physical circumstance peculiar to cities located in two or more counties might give legal support, out of necessity, to a departure from the simple mandate of Const. § 156. Certainly the procedure for annexing territory presents no such necessity. Although KRS 81.190 and 81.110, the general statutes, provide no enlightenment as to which circuit court or courts the remonstrants shall petition in the event the territory proposed to be annexed lies in more than one county, that is a problem of the construction to be given those statutes if and when it arises. The question here is not how they are to be construed, but whether KRS 81.195 is valid. We hold that it is not.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.

---

1. That is, if it pertains to municipal organization and government. Otherwise, Const. §§ 59 and 60 do apply. See Mannini v. McFarland, 294 Ky. 837, 172 S.W.2d 631 (1943).