CITY OF TAYLOR MILL, Appellant,

v.

CITY OF COVINGTON, Kentucky,
Appellee.

Court of Appeals of Kentucky.

March 10, 1978.

Rehearing Denied Nov. 17, 1978.

Discretionary Review Denied
Jan. 30, 1979.

Frank A. Wichmann, Covington, for appellant.

Sheryl G. Snyder, A. Wallace Grafton, Jr., Wyatt, Grafton & Sloss, Louisville, Douglas M. Stephens, Charles P. Wagner, Covington, for appellee.

Before GANT, HOGGE and WILHOIT, Judges.

WILHOIT, Judge.

Appellant, City of Taylor Mill, appeals from a judgment of the Kenton Circuit Court holding that certain territory, which both it and the appellee, City of Covington, claim to have annexed, was annexed by and is now a part of the City of Covington.

This controversy began in 1971 when the City of Covington, a second class city, passed an ordinance proposing to annex certain unincorporated territory in Kenton County. The residents of this territory filed a remonstrance action in the circuit court. This action was styled *Clifton v. Covington*. Thereafter, the City of Taylor Mill enacted an ordinance proposing to annex the same territory. Taylor Mill filed an action in the circuit court styled *City of Taylor Mill v. City of Covington* in which it sought a declaration of the rights of the two cities to the territory. The circuit court entered judgments in favor of Covington in both of these suits. The Supreme Court of Kentucky affirmed those judgments in an unpublished opinion rendered on February 20, 1976. The mandates of the Supreme Court were delayed by the filing of a petition for rehearing in each case. Before the mandates issued, the General Assembly enacted KRS 81.145 which became effective June 19, 1976. The provisions of this statute are as follows:

> In counties in which there are located both a city of the second class and a city of the third class, twenty-five per cent (25%) of the freeholders of an unincorpo-

rated area .annexed by a city of the second class pursuant to a judgment of the circuit court or court of final disposition acting on petition or appeal of such annexation, may, within six (6) months of the effective date of the final annexing ordinance by the governing body of the city of the second class, petition the county clerk to place the following question on the ballots in the area at the next regular election: "Shall the area described in Ordinance _____ of the City of _____ remain a part of the City of _____?" Upon the receipt of such a petition, the county clerk shall, at the next regular election cause the question to be placed upon the ballots in the area annexed. If more than seventy-five per cent (75?) of the qualified voters answer the question "no" then the ordinance indicated in the question shall be void and of no effect upon the certification of the results of the election.

On June 10, 1976, prior to the effective date of this statute and before the issuance of the mandates, the City of Covington passed its second ordinance annexing the disputed area. Within 6 months of the effective date of this ordinance the requisite number of freeholders within the annexed territory petitioned for a referendum pursuant to KRS 81.145. At the regular election held on November 2, 1976, more than 75 percent of the qualified voters answered "no" to the question of remaining a part of the City of Covington. The following December, the City of Covington enacted another ordinance annexing the territory in the event that the previous annexation ordinance might have been void because of its enactment prior to the issuance of the mandates by the Supreme Court.

Actions contesting the validity of the annexation by Covington and the validity and effect of the referendum were filed. These actions were consolidated by the circuit court. In its judgment the court held that the territory had been validly annexed by Covington and that the referendum was void because KRS 81.145 violates Section 156 of the Kentucky Constitution. From that judgment this appeal is taken.

The principal question raised on this appeal is whether the circuit court erred in holding that KRS 81.145 is unconstitutional. If this question is answered in the negative then other questions raised will be rendered moot. Section 156 of the constitution provides in relevant part:

The organization and powers of each class [of cities] shall be defined and provided for by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions.

Appellee asserts, and appellant does not deny, that Kenton County is the only county in the state containing both a city of the second class and a city of the third class and that the City of Covington is thus the only city to which KRS 81.145 applies. Appellee argues that any statute applying to one or more, but not all, of the cities within a particular class is "blatantly unconstitutional." In support of this argument appellee cites *City of Corbin v. Roaden*, Ky., 453 S.W.2d 603 (1970). That case involved KRS 81.195 which provided that a referendum must be held before a third class city located in more than one county could annex unincorporated territory. The Court held that statute conflicted with the requirement of Section 156 "that all cities of the same class 'shall possess the same powers and be subject to the same restrictions.' "

Appellant maintains that *City of Corbin, id.*, and Section 156 have no application to the situation here since KRS 81.145 does not relate to the organization and powers of any city but rather to the rights of freeholders and voters of certain areas. We do not agree and apparently neither did the General Assembly because this statute when enacted was entitled "An Act relating to annexations of unincorporated areas by municipalities." 1976 Ky. Acts, ch. 383, § 1. The clear import of KRS 81.145 is to place a restriction upon the annexation power of certain cities of the second class, or more properly upon one such city, not placed upon the other cities within that class. This plainly violates Section 156 of the constitution.

*Holsclaw v. Stephens*, Ky., 507 S.W.2d 462 (1974), and *Pinchback v. Stephens*, Ky., 484 S.W.2d 327 (1972), have no application to this case. Those cases involved an urban-county government which was held to be a *separate classification* of government not forbidden by the constitution; they did not consider powers of and restrictions on similar classes of cities.

Inasmuch as we have determined that the trial court correctly held KRS 81.145 to be constitutionally invalid, it is unnecessary to consider the validity of the annexation ordinance passed on June 10, 1976, because the ordinance which was passed the following December cured any defect in the prior ordinance.

The judgment of the trial court is affirmed.

All concur.