**658**

CITY OF LOUISVILLE, Appellant,

v.

The COURIER–JOURNAL AND LOUIS-
VILLE TIMES COMPANY and Stanley
K. MacDonald, Appellees.

Court of Appeals of Kentucky.

Feb. 12, 1982.

Max E. Simmons, Director of Law, Paul
V. Guagliardo, Deputy Director of Law,
George S. Schuhmann, Asst. Director of
Law, Louisville, for appellant.

Jon L. Fleischaker, Kimberly K. Greene,
Wyatt, Tarrant & Combs, Louisville, for
appellees.

Before WHITE, GANT and HOWER-
TON, JJ.

WHITE, Judge.

This appeal is from a determination of
the Jefferson Circuit Court that internal
investigative files of the Louisville Police
Department were not exempt from disclo-
sure under the Kentucky Open Records
statutes and that by withholding these rec-
ords the City willfully violated such law.

In December 1979 Stanley K. MacDonald,
a reporter for the *Courier-Journal,* filed a
written request with the official records
custodian for the City. The request consist-
ed of seeking access to "... all records and
documents relating to complaints filed
against Louisville Police Officer Robert
Whitaker, including records relating to in-
vestigations of complaints which investiga-
tions have been completed ...."

This request was denied by the City. In
conformity with KRS 61.880(2) the City re-
ferred its determination to the Common-
wealth's Attorney General. Upon review
by request of the *Courier-Journal* that of-
fice affirmed the City's determination to
withhold inspection. This decision was
premised upon KRS 61.878(1)(g) and (h)
which exclude from application of the Open
Records Law

(g) Preliminary drafts, notes, correspon-
dence with private individuals, other than

correspondence which is intended to give notice of final action of a public agency; (h) Preliminary recommendations, and preliminary memoranda in which opinions are expressed or policies formulated or recommended.

The *Courier-Journal* under KRS 61.882 thereupon appealed to the Jefferson Circuit Court. Through an Agreed Stipulation it was established that the "documents requested ... are the investigative files maintained by the Internal Affairs Unit of the Louisville Police Department regarding citizen complaints made against Officer Whittaker ...." After having reviewed the pleadings, records, and memoranda of the parties, the judgment of the Circuit Court was that these records related to completed investigations of the Internal Affairs Unit and as such are required to be made available upon request by any member of the public under KRS 17.150 and KRS 61.878(1)(f).

█ KRS 17.150 relates to access upon request for reports by law enforcement officers and criminal justice agencies. A reading of that statute, however, makes clear that its application is to matters relating to dealings with crimes or criminals, not administrative matters such as that which we are presently considering.

Internal Affairs, as stipulated, may investigate criminal matters. Nevertheless, such is done to the end that a determination be made as to whether an *administrative* rule or regulation were broken, not that a criminal *prosecution* be undertaken.

Although KRS 17.150(5) provides for common remedies by establishing that "[t]he provisions of KRS Chapter 61 dealing with administrative and judicial remedies for inspection of public records and penalties for violations thereof shall be applicable to this section," such does not automatically equate investigative reports relating to *prosecutions* [KRS 17.150(2)] with those compiled for *administrative* adjudications [KRS 61.878(1)(f)]. These remain separate matters. We hold, therefore, that KRS 17.-150 is inapplicable to the facts at hand and that the Jefferson Circuit Court erred in relying thereupon.

Turning next to KRS 61.878(1)(f), in pertinent part it excludes from Open Records mandates "[r]ecords of law enforcement agencies ... that were compiled in the process of ... investigating statutory or regulatory violations *if* the disclosure of the information would harm the agency ...." (Emphasis added.) It continues by noting that even that exemption does not apply "after enforcement action is completed or a decision is made to take no action" unless exempted by other provisions.

In other words records of law enforcement agencies relating to investigations of statutory or regulatory violations are releasable unless provision for exemption otherwise has been made. We look then to other subsections of KRS 61.878(1) to determine whether that requested by the *Courier-Journal* is exempt from public demand.

The *Courier-Journal*'s request is comprehensive. It seeks *all* records and documents filed against Officer Whitaker, including but not limited to those related to completed investigations.

█ It is the opinion of this Court that subsections (g) and (h) quoted above protect the Internal Affairs reports from being made public. Internal Affairs, as was stipulated, has no independent authority to issue a binding decision and serves merely as a fact-finder for the convenience of the Chief and the Deputy Chief of Police.

Its information is submitted for review to the Chief who alone determines what final action is to be taken. Perforce although at that point the work of Internal Affairs is final as to its own role, it remains preliminary to the Chief's final decision. Of course, if the Chief adopts its notes or recommendations as part of his final action, clearly the preliminary characterization is lost to that extent.

This holding, however, is limited to Internal Affairs' involvement. We do not find that the complaints *per se* are exempt from inspection once final action is taken. Inasmuch as whatever final actions are taken

necessarily stem from them, they must be deemed incorporated as a part of those final determinations. We acknowledge that it is possible that these complaints could be afforded continuing exemption under subsection (g) relating to preliminary correspondence with private individuals; however, that determination would be made upon consideration of the facts on a case-by-case basis and would be dealt with under KRS 61.878(3): "If any public record contains material which is not excepted under this section, the public agency shall separate the excepted and make the nonexcepted material available for examination."

In summary, we hold that the investigative files of Internal Affairs are exempt from public inspection as preliminary under KRS 61.878(1)(g) and (h). This does not extend to the complaints which initially spawned the investigations. The public upon request has a right to know what complaints have been made and the final action taken by the Chief thereupon.

Appellant City of Louisville also urges that the records are exempt from disclosure by reference to the provisions of the Open Meetings Act, KRS 61.810. Inasmuch as we hold KRS 61.878(1)(g) and (h) to be controlling, we find no need to address its analogy.

Having determined that the Circuit Court was in error in holding that the records should be made available at public request, issue two of the City's appeal resolves itself. By this opinion it is established that the City acted under authority of law in withholding the requested files rather than having done such in willful violation of the law. Accordingly, assessment of costs and reasonable attorneys' fees in favor of appellees under KRS 61.882(5) necessarily fails.

For all the aforementioned reasoning the judgment of the Jefferson Circuit Court is reversed and remanded with instructions that judgment in accordance with this opinion be entered.

All concur.