**COMMONWEALTH of Kentucky, Steven L. Beshear, Attorney General, Appellant,**

v.

**CARROLL COUNTY FISCAL COURT, Robert M. Westrick, Jesse H. McDole, Clarence I. Craig, and Austin Kring, Appellees.**

Court of Appeals of Kentucky.

June 4, 1982.

Steven L. Beshear, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Charles W. Runyan, Asst. Deputy Atty. Gen., Frankfort, for appellant.

Stanton Baker, Carroll County Atty., Carrollton, for appellees.

William K. Bodell, II, Lexington, for amicus curiae Kaco.

---

1. O'Hara, J., was present but not voting in this decision since the oral argument and discussion preceded his appointment to the court.

Ron Parry, Newport, for amicus curiae Campbell County Fiscal Court.

Before HAYES, C. J., and HOWERTON and VANCE, JJ.

HOWERTON, Judge.

The Commonwealth appeals from a judgment of the Carroll Circuit Court declaring that the fiscal court was under no mandatory duty to provide a county jail or other correctional facility within the county. The Commonwealth argues that the trial court erred in that there was no justiciable controversy authorizing a declaratory judgment, and that the result of the decision was erroneous for three reasons. It alleges the county is required to provide a jail under the doctrine of contemporaneous construction, that a county jail is a necessary county building, and that the operation of a jail is not the duty of a city or the State.

Carroll County has not maintained and operated its own jail facility since 1971. It has used the old facilities of the Carrollton City Jail for adult males and facilities in adjoining counties for females and juveniles. The 1980 term of the Carroll Circuit Court Grand Jury received conflicting opinions from the Carroll County Attorney and the office of the Attorney General regarding the duty of the fiscal court to provide a jail. In November 1980, the grand jury directed the fiscal court to institute an action for a declaratory judgment to ascertain the fiscal court's responsibility in this matter. The action was filed in December 1980, and judgment was entered on May 18, 1981.

■ We first conclude that a justiciable controversy did exist and that a declaratory judgment was appropriate. Justiciability turns on evaluating the appropriateness of issues for decision and the hardship of denying relief. *Combs v. Matthews*, Ky., 364 S.W.2d 647 (1963). If such an avenue was closed to the fiscal court, it would be placed in the untenable position of acting in good faith in deciding not to construct a jail and facing indictment for malfeasance or misfeasance of office. We clearly have a justiciable controversy over present rights, duties, and liabilities. The declaration is reasonable and necessary within the purview and design of KRS 418.040. *Dravo v. Liberty Nat. Bank & Trust Co.*, Ky., 267 S.W.2d 95 (1954).

■ After considering all of the arguments, we are unable to find any basis for holding that a county fiscal court has a mandatory duty to provide a jail facility within its boundaries. Although there are several statutes which refer to jails, inspections of jails, and rental of facilities, there are none which specifically require the fiscal court in each county to provide a county-owned, county-operated, and county-maintained jail. KRS 67.080, 67.083, 67.130, 67.160, 441.010, and 441.030. In fact, the language in KRS 441.030 indicates that the legislature contemplated that in some instances a county may not have a jail facility. The statute grants a circuit judge the authority to transfer prisoners to another county if no jail facility exists in the county, or if the jail is insecure.

The General Assembly may require counties to provide a jail within each boundary, but it has never done so.

The legislature obviously considered the financial burden of having a physical jail facility in each county during the 1982 session. Amendments were passed for Chapters 441 and 24A of the Kentucky Revised Statutes. Authority was specifically granted to two or more local governments to enter into a cooperative agreement for the purpose of participating with a state authority in providing for the construction, reconstruction, improvement, repair, and financing of jails. The amendments further authorized payment of $5.00 from court costs received by the circuit clerk to be paid over to the county treasurer for use by the fiscal court to defray the cost of operating a jail.

If and when the time comes that too few counties maintain sufficient jail facilities to meet the needs of the Commonwealth, the legislature can be expected to act to provide what is needed, either through the State or its political subdivisions.

The process of interpreting statutory language requires courts to be guided by the intention of the legislature. That intent is to be drawn from the meaning expressed or reasonably implied in the language used. In this case, we believe that the statutes are to be construed, not as an isolated fragment of the law, but as a whole or part of a connected system. *Dieruf v. Louisville & Jefferson County Board of Health*, 304 Ky. 207, 200 S.W.2d 300 (1947). It seems clear that counties may confine their prisoners in facilities outside their territories.

The Commonwealth cites *Johnson v. Commonwealth*, 291 Ky. 829, 165 S.W.2d 820 (1942), for the proposition that a county may not cease operation of the county jail as such cessation would strip the constitutional office of jailer "of all duties and rights so as to leave it an empty shell." We disagree and find *Johnson* to be distinguishable. In addition to the powers of a jailer in regard to the county jail, a Kentucky jailer is a peace officer and an officer of the circuit and district court of the county. *See*, KRS 446.010 and KRS 71.050. A jailer is entitled to a fee for attending court, and may be designated as superintendent of the county buildings, grounds, and other properties. *See*, KRS 64.150 and 67.130.

No one has proposed that counties may escape all liability for the cost of incarcerating individuals arrested or convicted within each jurisdiction, whether it be for a violation of a state law or a county or city ordinance. The Carroll County Fiscal Court is providing for necessary confinement, but it is doing so through the use of the physical facilities of other jurisdictions. We conclude that this is an acceptable procedure, and this is all we hold.

The judgment of the trial court is affirmed.

All concur.