**KENTUCKY STATE BOARD OF MEDICAL LICENSURE, Appellant,**

v.

**The COURIER–JOURNAL AND LOUISVILLE TIMES COMPANY and Joel Brinkley, Appellees.**

Court of Appeals of Kentucky.

Oct. 14, 1983.

Rehearing Denied Feb. 10, 1984.

Steven L. Beshear, Atty. Gen., Virgil W. Webb III, Asst. Atty. Gen., Frankfort, for appellant.

Jon L. Fleischaker, Kimberly K. Greene, Wyatt, Tarrant & Combs, Louisville, for appellees.

Before DUNN, HOWARD and HOWERTON, JJ.

HOWARD, Judge.

The appellant appeals from a judgment of the Jefferson Circuit Court ordering it to

open certain documents for the appellee to inspect under the Kentucky Open Records Act.

On March 26, 1982, Joel Brinkley of the Courier-Journal submitted a written request to the Kentucky State Board of Medical Licensure ("Board") for access to the following:

> *Any complaint* filed against a Kentucky physician from 1970 to the present and any memos, correspondence or other supporting documentation, including reports of investigations, that relate to the complaints. [Emphasis added.]

The Board, through its assistant secretary C. William Schmidt, responded, on March 29, 1982, that:

> ... [T]he Board will permit you to inspect and copy *any formal complaints* filed against Kentucky physicians since 1970, and responses, transcripts, and orders relating thereto. However, you will be limited to the aforenamed documents in cases that have not yet been finally resolved by the Board .... [Emphasis added.]

On April 1, 1982, Schmidt sent another letter to Brinkley clarifying the position of the Board. In that letter Schmidt stated:

> It is the Board's decision that you are permitted to look at only those files *where formal complaints have been filed (by the board).* You are not permitted to review private correspondence with individuals or investigative reports that are preliminary to the filing of a formal complaint. KRS 62.878(1)(g). [Emphasis added.]

On June 14, 1982, the Courier-Journal and Joel Brinkley filed suit claiming that the limited access allowed by the Board was unlawful under KRS 61.870 and asking the court to "declare the records in question to be public records available for public inspection." In depositions taken by the Courier-Journal, representatives of the Board explained that the Board maintains "public" files containing formal statutory complaints (those made by the Board in which the Board seeks to revoke or suspend the physician's license), physicians' answers, briefs, transcripts of hearings, findings of fact and conclusions of law and final actions taken by the Board. The depositions further revealed that the Board maintains "private" files including complaints from private individuals, certain correspondence between the Board and other agencies and physicians and reports of investigations. The "private" files were the ones to which the Courier-Journal was denied access.

Both parties filed motions for summary judgment. On November 18, 1982, the trial court entered findings of fact and conclusions of law finding that once *final* disciplinary action is taken by the Board *any* complaint, report, memorandum, or letter made part of the record in such action are not within the exception to the Open Records Act found in KRS 61.878 and must therefore be made available to the Courier-Journal and Brinkley. The court further found that the Board's response to Brinkley's request was not a willful violation of the Open Records Act. The judgment of the court entered on January 4, 1982, incorporated the above findings. It is from this judgment the Board appeals. We affirm.

The Board initially claims that there is no justiciable controversy in the case at bar and that its motion for summary judgment should have been granted. It contends that the Courier-Journal is "merely seeking an advisory opinion as to the scope of KRS 61.878." However, an examination of the record shows that Brinkley and the Courier-Journal requested specific records and that access to certain records was denied them by the Board. The Board claimed protection under KRS 61.878(1)(g) and the Courier-Journal asserted that the exemption did not apply to the records requested. This was indeed a justiciable controversy which the trial court could consider to determine whether certain records were subject to the Kentucky Open Records Law. Justiciability turns on evaluating the appropriateness of issues for decision and the

hardship of denying relief. *Commonwealth v. Carroll County Fiscal Court,* Ky.App., 633 S.W.2d 720 (1982). We conclude that, under that standard, the issue here was appropriate, and if relief had been denied, not only would the Courier-Journal and Brinkley experience a hardship by not knowing which records are exempt from the Kentucky Open Records Law but the issue would certainly be presented again before the court at some time.

The Board also contends that the records withheld by it were within the exemption to the Kentucky Open Records Law, specifically the following sections of KRS 61.878:

(1) The following public records are excluded from the application of KRS 61.-870 to 61.884 . . . :

. . . .

(g) Preliminary drafts, notes, correspondence with private individuals, other than correspondence which is intended to give notice of final action of a public agency;

(h) Preliminary recommendations, and preliminary memoranda in which opinions are expressed or policies formulated or recommended . . . .

Both parties rely, in part, on *City of Louisville v. The Courier-Journal and Louisville Times Company,* Ky.App., 637 S.W.2d 658 (1982). In *City of Louisville,* another Courier-Journal reporter requested all records and documents relating to complaints filed against a certain Louisville police officer. There, this Court held that internal investigative files of the police department were "exempt from public inspection as preliminary under KRS 61.878(1)(g) and (6)," but said that the exemption would not extend to the complaints which initially spawned the investigations.

■■■ The Board contends that the holding in *City of Louisville* means that complaints from individuals, responses, investigative reports, preliminary drafts and notes may be excluded from public scrutiny. However, our Court also said that controversies under the Kentucky Open Report Law must be decided on a "case-by-case" basis. It is beyond contention that complaints which "initially spawned" any investigations of Kentucky physicians may not be excluded because the public "has a right to know what complaints have been made." *Id.* at 660. It is clear then that the trial court was correct in ruling that once final action is taken by the Board, the initial complaints must be subject to public scrutiny. The Board's attempt to categorize complaints as formal public complaints and private individual complaints has no bearing on whether such complaints must be released. Inasmuch as final actions stem from the complaints, they must be incorporated as part of the final determination and are therefore not exempt under KRS 61.-878(1)(g) or (h). *Id.* at 660.

■■■ In addition to complaints, the Board also seeks to deny the Courier-Journal access to certain letters, correspondence and reports. If these documents were merely *internal* preliminary investigative materials, then they would be exempt under the statute and the principles set out in *City of Louisville.* However, once such notes or recommendations are adopted by the Board as part of its action, the preliminary characterization is lost, as is the exempt status. *Id.* at 659. The trial court found that:

Here, final action is taken by the Kentucky State Board of Medical Licensure. Defendant herein, as an independent agency authorized to issue a binding decision, any investigation it would authorize by other agencies and passed on to it, the Board, would become public when adopted and made a part of its final action.

It would appear to this court and it is so held, that those documents defined in Subsections (g) and (h) which become a part of the records adopted by the Board as the basis of its final action, become releasable as public records under Subsection (f), unless exempted by other provisions of KRS 61.870 through KRS 61.884. Unless so adopted and made a part of the Board's final action, such documents shall remain excluded under Subsections (g)

and (h) of the Act. If so excluded, it would be appropriate to keep such documents in a separate file.

We find that to be entirely in keeping with both Kentucky statutory and case law, and there was no error in so holding.

Having affirmed the trial court's judgment allowing the Courier-Journal access to the appropriate records, we need not address the Courier-Journal's argument that the Board did not satisfy the statutory burden of proof to sustain its denial of access.

The judgment of the trial court is hereby affirmed.

All concur.