COMMONWEALTH of Kentucky, County of Fayette, by and on Relation of Ronald G. Geary, Secretary of Revenue, Appellants,

v.

Pearl ANDERSON, Ruth W. Blackburn, and New Union Federal Savings and Loan Association, Appellees.

Court of Appeals of Kentucky.

Jan. 11, 1985.

Rehearing Denied May 10, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Aug. 29, 1985.

Joseph B. Murphy, Lexington, for appellants.

John P. Brice, Fleming, Horstmeyer & Fleming, Lexington, for appellees.

Richard L. Masters, Legal Services Section, Revenue Cabinet, Frankfort, for amicus curiae, Ronald G. Geary.

Earl S. Wilson, Jr., Kincaid, Wilson, Schaeffer & Hembree, P.S.C., Lexington, for amicus curiae, Kentucky Cent. Life Ins. Co.

Before HOWERTON, REYNOLDS and WILHOIT, JJ.

HOWERTON, Judge.

The Commonwealth and Fayette County appeal from a judgment of the Fayette Circuit Court which held that enforcement of a lien for ad valorem taxes is barred after five years, when the subject property is no longer owned by the original delinquent taxpayer. The appellants argue that, although KRS 134.420 provides for a five-year lien, KRS 134.470 and KRS 134.490 extend the time for lien foreclosure to eight years, regardless of whether the property has been transferred or not. We agree and reverse the judgment of the trial court.

The statutes in question are as follows: KRS 134.420(1) provides:

The state and each county, city or other taxing district shall have a lien on the property assessed for taxes due them respectively for five (5) years following the date when the taxes become delinquent, and also on any real property owned by a delinquent taxpayer at the date when the sheriff offers the tax claims for sale as provided in KRS 134.430 and 134.440. This lien shall not be defeated by gift, devise, sale, alienation or any means whatever except by sale to a bona fide purchaser, but no purchase of property made before final settlement for taxes for a particular assessment date has been made by the sheriff shall preclude the lien covering such taxes. The lien shall include all interest, penalties, fees, commissions, charges and other expenses incurred by reason of delinquency in payment of the tax bill or in the process of collecting it, and shall have priority over any other obligation or liability for which the property is liable. The lien of any city, county or other taxing district shall be of equal rank with that of the state. When any proceeding is instituted to enforce the lien provided in this subsection, it shall continue in force until the matter is judicially terminated.

KRS 134.470 provides:

An uncollectible tax bill or a certificate of delinquency shall embrace the entire tax claim, including the lien provided in subsection (1) of KRS 134.420, and shall continue to be a personal obligation of the delinquent taxpayer. Any property while owned by him shall be subject to foreclosure or execution in satisfaction of a judgment pursuant to an action in rem or an action in personam, or both, to enforce the obligation, and shall also be subject to distraint or levy as provided in subsection (1) of KRS 134.430, but no action may be brought to enforce a certificate of delinquency until three (3) years after the issuance thereof, and the action must be instituted within five (5) years after the expiration of that three (3) year period. During the three (3) year period the statute of limitations shall be suspended in all respects and shall be continued in all respects for five (5) years thereafter. If the owner of a certificate of delinquency proceeds to enforce satisfaction of the certificate, he may include all other certificates held by him against the same delinquent taxpayer, but insofar as the proceedings may undertake to effect a lien foreclosure they shall be governed by the time applicable to the particular property subject to the lien, if that property is no longer owned by the delinquent.

KRS 134.490 reads, in pertinent part:

(1) If a private person is the owner of a certificate of delinquency he may, after the expiration of the three (3) year period provided in KRS 134.470:

(a) Institute an action against the delinquent taxpayer to collect the amount of the certificate, and any other such certificates subsequently issued to the same owner against the same delinquent, and shall have all the remedies available for the enforcement of a debt; or

(b) Institute an action to enforce the lien provided in subsection (1) of KRS 134.420, represented by the certificate that is more than three (3) years of age, and those certificates subsequently held by the same owner against the same delinquent or property; or

(c) Institute one (1) action including both types of actions mentioned in paragraphs (a) and (b) of this subsection, and such joinder of actions shall not be defeated in the event the delinquent taxpayer has disposed of any property covered by the lien, but the purchaser of the property shall be made a defendant if the judgment is to affect his interest in the property, and as between them the delinquent taxpayer shall be responsible.

(2) If the state, county or a taxing district is the owner of a certificate of delinquency, it shall have, after the expiration of the three (3) year period provided in KRS 134.470, in addition to the remedies mentioned in subsection (1) of this section, the right to distrain and sell any property owned by the delinquent, including that on which the lien provided in subsection (1) of KRS 134.420 has attached.....

This action began as an *in rem* lien foreclosure instituted by the Fayette County Attorney on behalf of the taxing authorities. In 1974, property at 1880 Dalton Court in Lexington, Kentucky, was assessed for taxes in the name of Hi Myr Company, Inc. The unpaid tax bill was purchased by the Fayette County Court Clerk on April 30, 1975. Hi Myr subsequently sold the property to Anderson and Blackburn. New Union Federal Savings and Loan Association holds a mortgage on it. The 1974 tax bill remained unpaid, and this action was initiated on February 3, 1983.

The trial court determined that the three-year extension for enforcement of the tax lien in KRS 134.470 and KRS 134.490 is inapplicable in a situation where the delinquent taxpayer no longer owns the property subject to foreclosure. It placed its emphasis on the language in KRS 134.470, which reads, "[a]ny property *while owned by him* shall be subject to foreclosure ..." and "but insofar as the proceedings may undertake to effect a lien foreclosure they shall be governed by the time applicable to the particular property subject to the lien, *if that property is no longer owned by the delinquent."* (Emphasis added.) The decision of the Fayette Circuit Court is vigorously supported by the appellees and by the amicus curiae, Kentucky Central Life Insurance Company.

The amicus, Kentucky Central, attempts to give a lesson in grammar and a sentence-by-sentence analysis of the statutes. Its basic premise, however, is that the three-year suspension of foreclosure and three-year extension for enforcement is solely for the benefit of the delinquent taxpayer and, if he has sold the property, there is no longer any need for the suspension or extension. It argues that, if the legislature wanted an eight-year limitation, it could have clearly provided one. It also alleges that the history of lien foreclosures supports the legislative intent to protect the property owner from dispossession of his property for three years after his taxes become delinquent. On this theory, it repeats that there is no need to grant an extension, if the taxpayer has sold his property.

 Even if we agree that the three-year suspension was granted for the benefit of the delinquent taxpayer to temporarily protect him from dispossession of his property, and to give him a reasonable time to pay the taxes, we can only conclude from a reading of the statutes and a consideration of their practical application that the three-year suspension and extension must apply to all property, even if there is a transfer of ownership. Our interpretation of the statutes comes from the meaning clearly expressed or reasonably implied from the way they are written. *Commonwealth v. Carroll County Fiscal Court,* Ky.App., 633 S.W.2d 720 (1982). We have also presumed that the legislature did not intend to do anything foolish, and we have attempted to give a practical construction to the statutes. *Commonwealth v. Randolph,* 277 Ky. 724, 127 S.W.2d 398 (1939).

KRS 134.420 is quite clear in providing a lien on property assessed for taxes for five years following the time when the taxes become delinquent. At that time, normally April 30 in the year following the year in

which the taxes were due and payable, the sheriff sells the unpaid tax bills and issues a certificate of delinquency. The certificates may be purchased by individuals, but they are generally purchased by the county court clerk. The clerk records all of these delinquencies to give record notice of the outstanding tax and lien. If the clerk fails to do this, it provides an opportunity for a purchaser to become bona fide wherein the lien would be unenforceable. This, too, is provided for in KRS 134.420. If the tax bills are properly sold and the liens are recorded, no lien shall be defeated by gift, or sale, or any means of transfer whatsoever. KRS 134.420.

KRS 134.470 reads, in part:

... no action may be brought to enforce a certificate of delinquency until three (3) years after the issuance thereof, and the action must be instituted within five (5) years after the expiration of that three (3) year period. During the three (3) year period the statute of limitations shall be suspended in all respects, and shall be continued in all respects for five (5) years thereafter.

The applicable statute of limitations for ad valorem taxes is KRS 413.120(2). It is the statute which provides a five-year limitation on "an action upon a liability created by statute, when no other time is fixed by the statute creating the liability." KRS 134.470 clearly suspends and extends the statute of limitations for the delinquent taxes as well as the lien on the property assessed. We further note that the quoted section of KRS 134.470 provides that the suspension and continuation shall be applied "in all respects." The extension applies to all valid liens, and the liens shall not be defeated by any sale. KRS 134.420.

■ The remainder of KRS 134.470 provides that the certificate of delinquency shall embrace the entire tax claim against a delinquent taxpayer. It reiterates that taxes are a personal obligation of the delinquent taxpayer, and that any property owned by him shall be subject to foreclosure or execution in satisfaction of a judgment to enforce payment of any taxes

he owes. We simply interpret this part of the statute to mean that taxes owing for an assessment on specific real property may be satisfied by foreclosure or execution or distraint of some *other real or personal property owned by the taxpayer.* We do not interpret the phrase "any property while owned by him" to mean that a lien is lost when property is sold.

■ At the end of KRS 134.470, the statute explains that an owner of a certificate of delinquency may proceed in one action to enforce payment of the taxes for all certificates he holds against the same delinquent taxpayer. However, insofar as the proceedings involve a lien foreclosure, and taxes on multiple parcels are sought to be collected from the sale of one parcel of real property, the property to be sold must be ripe for sale by having delinquent taxes which are over three years old, and the property to be sold must still belong to the delinquent taxpayer. It would simply be unthinkable to allow satisfaction of several certificates of delinquency and unpaid tax bills from the sale of a parcel of real estate which the delinquent taxpayer had sold to someone else. Again, however, the phrase does not mean that a lien for enforcing the tax payment on the assessed parcel is lost when that property is sold.

KRS 134.490 provides the remedies and procedures for enforcing payment on a certificate of delinquency by a private person or by a taxing district. The statute repeats that, if payment is to be enforced by exercising the lien provided for in KRS 134.420, the certificate must be more than three years old.

■ Although the three-year suspension was undoubtedly provided for the benefit of the delinquent taxpayer to protect him from dispossession of his property, the suspension and the continuation must be applied "in all respects" to all parties, even if the property is transferred. As a practical matter, taxing districts cannot be expected to enforce their liens at various times depending upon sales. If a sale from the delinquent taxpayer occurred in the sixth year, a taxing district could have a lien one

minute and lose it the moment it is transferred. This cannot be.

The judgment of the Fayette Circuit Court is reversed, and this case is remanded for further proceeding consistent with this opinion.

All concur.