**HARDIN COUNTY FISCAL COURT;**
**David L. Logsdon, Hardin County**
**Court Clerk, Appellants,**

v.

**HARDIN COUNTY BOARD**
**OF HEALTH, Appellee.**

No. 93–CA–002142–MR.

Court of Appeals of Kentucky.

June 16, 1995.

Ken M. Howard, Elizabethtown, for appellants.

Donald E. Skeeters, Radcliff, for appellee.

Before EMBERTON, JOHNSTONE and MILLER, JJ.

EMBERTON, Judge.

This is an appeal by the Hardin County Fiscal Court from a declaratory judgment holding that the Fiscal Court is required to enact the tax rate presented to it as adopted by the Board of Health.

The Hardin County Board of Health was created by operation of law in June, 1968, pursuant to Kentucky Revised Statute (KRS) 212.750. In 1992, the Board of Health sought to obtain additional funding through a special ad valorem tax of two cents per $100 assessed valuation of all real and personal property in Hardin County. The tax rate at that time was 1.76 cents per $100 assessed value, as it had been for several years. On June 30, 1992, the Board passed a resolution in favor of the higher tax rate which was later approved by the Cabinet for Human Resources in accordance with KRS 212.755. The Board then submitted the new tax rate to the Hardin County Fiscal Court for its consideration. On September 14, 1992, the Court met for the purpose of establishing the various tax levies, and at that time determined that the 1992 public health tax rate would remain at 1.76 cents per $100.

The Board of Health then filed a declaratory judgment action against the Fiscal Court to determine the power and authority of the parties to set the tax rate. In conjunction with its complaint, the Board filed a motion for temporary injunction to prevent the Hardin County Court Clerk from preparing and distributing the 1992 tax bills. The trial court did not find that irreparable injury, as required by CR 65.04, would result; and therefore, denied the motion.

A bench trial was held on March 3, 1993, and the trial court entered judgment on May 7, 1993, holding that the Fiscal Court was required to include the special public health tax, as imposed by the Board of Health, in the next county ad valorem tax levy. This appeal followed.

The issue before us requires that we determine the relative applications of KRS 212.720, which creates public health taxing districts by voter referendum, and KRS 212.750, creating the public health taxing districts by operation of law in districts where one had not been established pursuant to KRS 212.720. Likewise, we interpret the corresponding sections of KRS 212.725 and KRS 212.755.

KRS 212.720 was originally enacted in 1954 and provided for the establishment of

public health taxing districts. KRS 212.725 set forth the rules for funding the tax district as follows:

**212.725. Imposition of special ad valorem public health tax.**—If, after the establishment of the public health taxing district, as provided in KRS 212.720, the tax levying authorities of the district, in the opinion of the county or city-county board of health, do not appropriate an amount sufficient to meet the public health needs of the county or the city-county health department or do not appropriate an amount sufficient to meet the standards prescribed by the cabinet for human resources for health departments, *the county or city-county board of health*, acting as the governing body of the taxing district, *shall* with the approval of the cabinet for human resources, *impose by resolution a special ad valorem public health tax in such amount that it deems sufficient*, but not in excess of the maximum amount approved by the electorate as provided for in KRS 212.720. *The fiscal court shall upon receipt of a duly certified copy of said resolution, include in the next county ad valorem tax levy said special public health tax imposed by the county or city-county board of health which shall be in addition to all other county ad valorem taxes.* Said special public health tax shall be collected in the same manner as are other county ad valorem taxes and turned over to the county or city-county board of health to be used solely for the maintenance and operation of the county or city-county health department. (Emphasis added).

KRS 212.750 establishes public health taxing districts in those districts that had not created such district prior to June, 1968 pursuant to KRS 212.720. KRS 212.755(1) sets forth the method in which the tax levy is set for a district as established pursuant to KRS 212.750 as follows:

**212.755. Tax levy for district to be made on request of board—Limits—Compensating rate limits not applicable.**—(1) If, after the establishment of the public health taxing district as provided for in this section and KRS 212.750, the tax levying authorities of the district, in the opinion of the county or city-county board of health, do not appropriate an amount sufficient to meet the public health needs of the county or the city-county health department or do not appropriate an amount sufficient to meet the standards prescribed by the cabinet for human resources for local health departments, the county or city-county board of health, acting as the governing body of the taxing district shall, with the approval of the cabinet for human resources, *request the fiscal court to impose by resolution* a special ad valorem public health tax in such amount that it deems sufficient, but not in excess of four cents (.04) per one hundred dollars ($100) of full value assessed valuation. *The fiscal court may* upon receipt of a duly certified copy of said resolution, include in the next county ad valorem tax levy said special public health tax imposed by the county or city-county board of health which shall be in addition to all other county ad valorem taxes. *If levied by the fiscal court,* said special public health tax shall be collected in the same manner as are other county ad valorem taxes and turned over to the county or city-county board of health to be used solely for the maintenance and operation of the county, city-county, or district health department and as provided in KRS 212.740. (Emphasis added).

The trial court's order, in essence, adopted the reasoning in attorney general opinion 82–151. In that opinion, the attorney general concluded that there was no rational basis for a distinction between a public health district created under KRS 212.720 and KRS 212.750. We agree that both constitute special taxing districts under Section 157 of the Kentucky Constitution, and that the statute should be read *in pari materia;* however, that is the extent of our agreement.

The rules of statutory construction require that we construe this statute to carry out the intent of the legislature. KRS 446.080. Our statutory scheme has also provided a definitional section to aid in construction. KRS 446.010. It is elementary that "may" is permissive and "shall" is mandatory in statutory language, KRS 446.010(20), (29); and, a statute should be construed, if possi-

ble, so that no part of it is meaningless and ineffectual. *Brooks v. Meyers*, Ky., 279 S.W.2d 764 (1955).

 Under the doctrine of *in pari materia*, statutes having a common purpose or relating to the same person or thing, must be construed together. *Dieruf v. Louisville & Jefferson Co. Bd. of Health*, 304 Ky. 207, 200 S.W.2d 300 (1947); *Milner v. Gibson*, 249 Ky. 594, 61 S.W.2d 273 (1933). However, even construing the statutes under this doctrine, it is apparent that the legislative intent requires a different scheme under KRS 212.725 than 212.755. The permissive language of KRS 212.755 obviously exists for a reason and must be given weight under the rules of construction. To hold otherwise would render KRS 212.755 meaningless.

The judgment of the trial court is hereby reversed.

All concur.