243 S.W.3d 369 (2007)
James KEOGH; Anne Keogh; David B. Allen; Donna J. Allen, Appellants
v.
WOODFORD COUNTY BOARD OF ADJUSTMENTS; Members Sam Dozier, Bill Goodman, David Pruitt, Frank Stark, and Tim Turney, In their Official Capacities; Patricia Wilson, Woodford County Planning Director; Thomas R. Post, Appellees.
No. 2006-CA-001745-MR.
Court of Appeals of Kentucky.
October 5, 2007.
Rehearing Denied December 7, 2007.
*370 David B. Allen, Versailles, KY, for appellant.
Timothy C. Butler, Bardstown, KY, for appellee, Woodford County Board of Adjustments.
William K. Moore, Versailles, KY, for appellee, Thomas R. Post.
Before THOMPSON and WINE, Judges; HENRY,[1] Senior Judge.

OPINION
WINE, Judge.
James and Anne Keogh (the Keoghs) and David B. and Donna J. Allen (the Aliens) appeal from an order of the Woodford Circuit Court which affirmed a decision by the Versailles-Midway-Woodford County Board of Adjustment (the Board) to grant a conditional use permit to Thomas R. Post to operate a "tourist home" on his property. The Keoghs and the Allens contend that the Planning Director exceeded her authority by creating a definition for a "tourist home," and that the Board acted arbitrarily in granting the conditional use permit where the zoning ordinance did not adequately define the term. We agree with the circuit court that the Planning Director and the Board did not exceed their authority by defining the term as used in the ordinance. However, we agree with the Keoghs and the Aliens that Post's application clearly does not meet the requirements of a "tourist home" as defined by the Board. Consequently, the Board acted arbitrarily in granting the conditional use permit. Hence, we reverse the circuit court and remand for entry of a new order setting aside the conditional use permit.
The underlying facts of this action are not in dispute. Post is the owner of 207.496 acres of agricultural land located at 105 Shannon Run Road, Versailles, *371 Woodford County, Kentucky. The property has entrances off U.S. Highway 60, a federal highway, and Shannon Run Road, a state highway. The primary entrance, is off Shannon Run Road. The property is zoned agricultural, A-1.
On August 12, 2005, Post, d/b/a Kentucky Mansion, filed an application with the Board requesting a conditional use permit to operate a tourist home. Post planned to renovate an existing residence into a twelve-bedroom structure which would be available for use by guests who would be accommodated overnight for a fee. There would be one parking space per bedroom for the guests, with an additional five spaces for employees and others.
Several months earlier, Post had filed an application with the Board for a conditional use permit to operate a tourist home on another tract of property which he owned in Woodford County. At the time, Woodford County's zoning ordinance recognized "tourist home" as a permitted conditional use, but the ordinance did not define that term. Patricia Wilson, the Planning Director, supplied the definition from one of the standard reference works in the Board's library.[2] The definition stated that a tourist home is "[a]n establishment in a private dwelling that supplies temporary accommodations to overnight guests for a fee. See Bed and Breakfast." Based on this definition, the Board granted the previous conditional use permit.
The Board conducted a public hearing on Post's current application on September 6, 2005. Planning Director Wilson recommended that the definition of "tourist home" adopted for the prior application be applied to the current application. The Board also took testimony and accepted written comments both in support of and in opposition to the application. At its next meeting on October 3, 2005, the Board voted unanimously to approve granting the conditional use permit subject to certain listed conditions.
On November 1, 2005, the Keoghs and the Aliens brought this action pursuant to KRS 100.347 challenging the Board's decision to grant the conditional use permit. The Keoghs and the Aliens each own property in close proximity to Post's. They argued that Planning Director Wilson and the Board exceeded their authority by creating a definition of tourist home that did not exist in the zoning ordinance. They also argued that the Board acted arbitrarily in granting the conditional use permit. After considering the arguments of all parties, the circuit court affirmed the Board. This appeal followed.
As discussed above, the Board granted a prior conditional use permit to Post based on the definition of "tourist home" supplied by Planning Director Wilson and at issue in this case. The Keoghs and the Aliens also appealed that decision to the circuit court. But in the prior matter, the circuit court found that the Keoghs and the Aliens failed to preserve their objection to the adoption of the definition. On further appeal, this Court agreed, finding that, the Keoghs and the Aliens had failed to properly raise the issue before the Board and were thus precluded from raising it on appeal. Allen v. Woodford County Board of Adjustments, 228 S.W.3d 573 (Ky.App. 2007).
In the prior appeal, the Keoghs and the Aliens failed to timely raise their objection to the definition of tourist home as supplied by Planning Director Wilson. Similarly, the prior panel noted that the Keoghs and the Aliens had not raised any *372 specific arguments as to how the Board's action was arbitrary. In this appeal, however, the Keoghs and the Aliens timely objected to the definition of tourist home, and they directly argue that the Board acted arbitrarily in granting the conditional use permit. Therefore, these issues are properly presented in this appeal.
In planning and zoning cases, the standard of review is set forth in American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission, 379 S.W.2d 450 (Ky.1964), which held that the overriding concern of the reviewing court is whether the administrative body's action was arbitrary. In determining arbitrariness, the court must determine: (1) whether the agency exceeded its statutory authority; (2) whether the parties were afforded procedural due process; and (3) whether the agency decision was supported by substantial evidence. Id. at 456. See also Minton v. Fiscal Court of Jefferson County, 850 S.W.2d 52, 55 (Ky.App.1992). In this case, the Keoghs and the Aliens primarily challenge the Board's decision based on the first element of this test.
In particular, they argue that Planning Director Wilson exceeded her authority by providing a definition for "tourist home" and the Board exceeded its authority when it accepted the definition provided by the Director. Both of these matters involve questions of law, which we review de novo. Cincinnati Bell Telephone Co. v. Kentucky Public Service Commission, 223 S.W.3d 829, 836 (Ky.App.2007).
As the circuit court noted, § 402 of the county's zoning ordinance grants the powers of interpretation and enforcement to the administrative officerin this case the Planning Director. The Keoghs and the Aliens contend that Planning Director Wilson exceeded her authority by creating a conditional use that either did not exist or was not sufficiently defined by the legislative body, thus giving the administrative body unrestrained authority to create a conditional use. Section 701.4(G) of the county's zoning ordinance lists "Tourist home along State or Federal highways" as a permitted conditional use in the A-1 zone. Thus, neither Planning Director Wilson nor the Board attempted to create a conditional use which did not exist under the zoning ordinance.
The adequacy of the ordinance's definition is a separate question. "Zoning ordinances are an exercise of the police power of the state, and no subdivision thereof may exercise that power except through a grant made by the people of the state through its legislative branch." Hardin County v. Jost, 897 S.W.2d 592, 594 (Ky.App.1995), citing Fowler v. Obier, 224 Ky. 742, 7 S.W.2d 219, 223 (1928). In delegating zoning authority to counties and municipalities, "the legislature considered careful planning as a prerequisite of good zoning." Id. at 594-95, 897 S.W.2d 592, citing City of Erlanger v. Hoff, 535 S.W.2d 86, 88 (Ky.1976); City of Louisville v. McDonald, 470 S.W.2d 173 (Ky.1971); Fritts v. City of Ashland, 348 S.W.2d 712 (Ky. 1961). At a minimum, a zoning ordinance must contain a plan for orderly growth, "and property owners must be able to rely on it when making investments in real estate and for the protection of land values." Jost, 897 S.W.2d at 595, citing Bryan v. Salmon Corp., 554 S.W.2d 912, 917 (Ky.App.1977). To this end, a zoning ordinance must contain standards to be used in determining whether to permit or deny a conditional use, so as not to vest absolute and arbitrary power in the administrative agency. Jost, 897 S.W.2d at 596.
KRS 100.111(6) defines "conditional use" as:

*373 a use which is essential to or would promote the public health, safety, or welfare in one (1) or more zones, but which would impair the integrity and character of the zone in which it is located, or in adjoining zones, unless restrictions on location, size, extent, and character of performance are imposed in addition to those imposed in the zoning regulation[.]
The Keoghs and the Aliens do not argue that Woodford County's zoning ordinance conflicts with this definition or that it fails to set specific guidelines for granting conditional uses. They argue only that the absence of a definition of "tourist home" grants the Board unfettered discretion to determine whether Post's application meets the standard for that particular conditional use.
The Keoghs and the Allens have not shown that the zoning ordinance grants such unfettered discretion to the Board. As the circuit court correctly noted, citing Dieruf v. Louisville & Jefferson County Board of Health, 304 Ky. 207, 200 S.W.2d 300, 302 (1947), "[v]arious sections of a[n]. . . ordinance are not to be considered as isolated fragments of the law, but part of the whole unless a different purpose is clearly shown." When the term "tourist home" is considered in the context of the zoning ordinance's scheme for granting conditional uses, we agree with the circuit court that it provides a sufficiently definite framework for the Planning Director and the Board to act. Within this general framework, the Planning Director has the authority to interpret the zoning ordinance to clarify the intent of the fiscal court. The ordinance clearly defines the terms "motel/hotel" and "bed and breakfast."
Nevertheless, the definition provided by the Planning Director and adopted by the Board must be considered in light of all the applicable ordinances, statutes and regulations. The ordinance allows "bed and breakfast establishments" and "tourist home[s] along State or Federal highways" as separate conditional uses within the A-1 zone. The circuit court stated that the ordinance most clearly defines a "tourist home" by the facts that it must be along a state or federal highway and it is neither a hotel/motel nor a bed and breakfast. But the definition which the Board adopted does not clarify the distinction between these uses. In fact, the definition obtained from the Moskowitz and Lindbloom text refers to the definition of "bed and breakfast."
Furthermore, § § 507 and 701.4(K) of the zoning ordinance clearly set out the conditions for allowing bed and breakfast establishments. 902 KAR 45:006 also sets out a definition of "bed and breakfast establishment." But with regard to the regulation, we note that 902 KAR 45:006 is promulgated under the authority of KRS Chapter 217 and specifically addresses the regulation of food service operations of bed and breakfast establishments. We, further note that KRS 219.011(3) includes "tourist homes, and similar establishments" within the definition of "hotel." Based on these definitions, it appears that both tourist homes and bed and breakfast establishments are subject to the requirements of the hotel and motel code. See 902 KAR 7:010. However, we do not read these various statutory and regulatory provisions as precluding a local zoning ordinance from allowing a hotel/motel, bed and breakfast establishment, and tourist home as separate conditional uses.
In considering the scheme set out in the zoning ordinance in light of the other applicable statutes and regulations, we conclude that the definition of tourist home must either be distinct from a bed and breakfast, with its own separate requirements, or merged into the definition of bed *374 and breakfast and thus subject to those requirements. In interpreting the ordinance, the Planning Director and the Board had the authority to follow either approach. In this case, the definition of tourist home supplied by Planning Director Wilson does not set out any separate requirements for a tourist home as opposed to a bed and breakfast. Thus, the term "tourist home," as used in the zoning ordinance and defined by the Board, is essentially synonymous with the term "bed and breakfast." Under the circumstances, we cannot find this definition to be patently unreasonable or clearly erroneous.
But based on this definition, Post's application to operate a "tourist home" must be considered under, the same standards as a bed and breakfast. In pertinent part, the ordinance limits a bed and breakfast establishment to a maximum of eight guests per night and the owner or lessee of the property shall operate the facility and reside on the property. Likewise 902 KAR 45:006 §§ (3), (4) & (5) define a bed and breakfast establishment as "a private owner-occupied house having up to five (5) guest rooms and in which the only meal served to guests is' breakfast" (for a "bed and breakfast home"), or "a private inn or other unique residential facility having not more than nine (9) guest rooms and in which the only meal served to guests is breakfast. The innkeeper resides on the premises or property immediately adjacent to it during periods of occupancy" (for a "bed and breakfast inn"). Post's application, which calls for a twelve-bedroom structure and a non-resident owner/operator, does not meet any of these requirements. Rather, Post's application describes a use that is closer to a hotel/motel, which is not a permitted conditional use in the A-1 zone.
In light of this uncontested evidence, the Board clearly erred in finding that the proposed use satisfies the definition of "tourist home" under its own definition of the term. Given these clearly erroneous factual findings, we must conclude that the Board acted arbitrarily in granting the conditional use permit. Therefore, the conditional use permit must be set aside.
Accordingly, the judgment of the Woodford Circuit Court is reversed and this matter is remanded for entry of an order setting aside the conditional use permit issued by the Board.
ALL CONCUR.
NOTES
[1] Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.
[2] Harvey S. Moskowitz & Carl G. Lindbloom, The New Illustrated Book of Development Definitions (New Brunswick, N.J.: Center for Urban Policy Research, 1993).