**UNIVERSITY OF LOUISVILLE,**
Appellant

v.

**William E. SHARP, Appellee.**

**No. 2012–CA–000838–MR.**

Court of Appeals of Kentucky.

Nov. 22, 2013.

Deborah H. Patterson, Allison B. Vermilion, Louisville, KY, for appellant.

Corey Ann Finn, William E. Sharp, Co-counsel, Louisville, KY, for appellee.

Before CLAYTON, COMBS, and VANMETER, Judges.

*OPINION*

VANMETER, Judge:

The University of Louisville appeals from an opinion and order of the Jefferson Circuit Court denying its motion for summary judgment. We disagree with the circuit court's conclusion that the University violated the Open Records Act and reverse its order and remand this case with directions for the circuit court to enter an

order granting summary judgment in favor of the University.

In 2011, William Sharp submitted an open records request to the University on behalf of the American Civil Liberties Union asking the University to disclose "any and all books, papers, documents, discs, diskettes, emails or other materials which relate to the pending merger between the University of Louisville Hospital, Jewish/St. Mary's Hospital System, and Catholic Healthcare Initiatives...." In response, the University's Open Records Officer identified thirteen relevant email communications, some with attachments, but declined to disclose them on the basis that all of the emails were "preliminary conversations" that were exempt from disclosure pursuant to KRS[1] 61.878(1)(i) and (j) and that three of the emails were exempt from disclosure pursuant to KRE[2] 503(b), the attorney client privilege. At Sharp's request, the University provided an itemized list of the thirteen emails.

Sharp appealed the University's decision to the Kentucky Office of the Attorney General (OAG) and requested that the University be required to disclose all thirteen emails and their attachments. After reviewing copies of the emails, the OAG issued an opinion explaining that nine of the thirteen emails were properly withheld because they concerned "preliminary discussions involving what course of action should be taken in regard to the merger controversy, punctuated by opinions and recommendations, and that they therefore [fell] squarely within the parameters of KRS 61.878(1)(i) and (j)." 11–ORD–152 (quotations omitted), 2011 WL 4563848 (Ky.A.G. Sept. 28, 2011). The AG ordered that the remaining four emails, with the exception of a small portion protected by the attorney client privilege, must be disclosed because "they forfeited their preliminary characterization upon adoption into final agency action relative to their subject.... [And] they relate to the details of a 'communications meeting' that [actually] occurred...." *Id.* Specifically, the OAG found that the four emails contain "three draft agenda and one draft invitation" for a "communications meeting" which was held, thereby causing the emails to be adopted into "final agency action." *Id.*

The University appealed the OAG's decision pursuant to KRS 61.882(1). Sharp did not file a cross-appeal.[3] Eventually, the University sought summary judgment, on grounds that the OAG's opinion violated KRS 61.878(1)(i) and (j) in that the four emails are "preliminary opinions regarding the structure and subject matter of upcoming meetings." The circuit court denied the University's motion and affirmed the OAG's conclusion that the University violated the Open Records Act and ordered disclosure of the four emails and their attachments.[4] This appeal followed.

 On appeal from a granting of summary judgment, our standard of review is " 'whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving

---

1. Kentucky Revised Statutes.

2. Kentucky Rules of Evidence.

3. Sharp filed an answer and served the University with written discovery requests and sought to take the deposition of the Dean of the University's School of Medicine. The University sought a protective order and the circuit court granted its request finding that the issue before the court did not require discovery. Sharp did not appeal the circuit court's discovery order.

4. Sharp did not cross-appeal the circuit court's decision regarding the exemption of information protected by the attorney client privilege.

party was entitled to judgment as a matter of law.'" *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky.App.2001) (quoting *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996)): CR [5] 56.03. Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is *de novo*. *Hallahan v. Courier–Journal*, 138 S.W.3d 699, 705 (Ky. App.2004).

"[T]he General Assembly [has] determined that certain public records should be excluded from disclosure." *Beckham v. Bd. of Educ.*, 873 S.W.2d 575, 578 (Ky. 1994) (citing KRS 61.878(1)). From these exclusions, one can glean, in certain instances, the legislative intent "that the public's right to know is subservient to . . . the need for governmental confidentiality." *Id.* For example, KRS 61.878(1)(i) and (j), which are relevant in this case, provide exceptions for documents that are: "(i) Preliminary drafts, notes, correspondence with private individuals, other than correspondence which is intended to give notice of final action of a public agency; [or] (j) Preliminary recommendations, and preliminary memoranda in which opinions are expressed or policies formulated or recommended . . . ."

■ The circuit court and the OAG determined that the four emails at issue lost the preliminary status afforded to them by KRS 61.878(1)(i) and (j) because the emails were incorporated into a final agency action (the meeting) and thus must be disclosed pursuant to *City of Louisville v. Courier–Journal & Louisville Times Co.*, 637 S.W.2d 658 (Ky.App.1982) (when preliminary notes are adopted into "final agency action" they forfeit their preliminary characterization). The court and the OAG determined that the remaining nine emails were exempt from disclosure because they discussed an action that had not occurred (the merger) and, therefore, retained their preliminary status. We disagree.

Kentucky courts have not squarely addressed whether a meeting constitutes "final agency action" when the ultimate issue to be decided (in this case, the merger) is not resolved. However, caselaw suggests that the meeting must resolve the ultimate issue to constitute "final action" and that piecemeal disclosure along the path of the decision-making process is not mandatory. *See, e.g., Ky. State Bd. Med. Licensure v. Courier–Journal & Louisville Times Co.*, 663 S.W.2d 953, 956 (Ky.App.1983) (a complaint filed with the medical licensure board, and records from the subsequent investigation, are exempt from disclosure until the final determination of the board regarding the license); *Palmer v. Driggers*, 60 S.W.3d 591, 596 (Ky.App.2001) (a police officer's resignation during an ongoing investigation is considered a final action, since the effect of the resignation was to end the city's disciplinary proceedings against the officer, and thus the complaint and the investigation records lose their preliminary status and must be disclosed). *But see, e.g., Courier–Journal v. Jones*, 895 S.W.2d 6, 8–9 (Ky.App.1995) (Governor's appointment calendar was exempt from disclosure even if the meetings on the schedule actually occurred); 12–ORD–213, 2012 WL 5892049 (Ky.A.G. Nov. 15, 2012) (city's issuance of a "letter of intent" concerning the negotiation of a lease agreement was preliminary and not subject to disclosure).

In light of this authority, we are unable to say that a final agency action occurred in this case when the merger was still in the negotiating stage. The emails and

---

5. Kentucky Rules of Civil Procedure.

their attachments constitute preliminary discussions regarding a scheduled meeting to continue the conversation. The sole purpose of the "communications meeting" was to discuss the pending merger, and strategies used to plan the meeting, including discussions relating to the invitation and agenda, are preliminary to resolution of the ultimate issue—the merger. Under the circuit court's and the OAG's rationale, any communication regarding the meeting loses its preliminary status when the meeting is held, even if the ultimate issue is not decided at the same time. This rationale would effectively require disclosure of all discussions regarding all meetings that take place, even if the meeting is merely a step along the road to deciding the ultimate issue.

For the foregoing reasons, the order denying summary judgment is reversed and this case is remanded to the circuit court with directions to enter an order granting summary judgment in favor of the University.

ALL CONCUR.