RENDERED: NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0198-MR

JAMES BRIAN SNOW,
INDIVIDUALLY; LORNA COOPER
SNOW, INDIVIDUALLY; JAMES
BRIAN SNOW AND LORNA
COOPER SNOW AS AGENTS FOR
THE MATTIE MAE HARTUNG
TRUST; AND MORTON COOPER AS
THE SUCCESSOR TRUSTEE OF THE
MARCIA HARTUNG COOPER
REVOCABLE 1990 TRUST                                          APPELLANTS


                    APPEAL FROM HENDERSON CIRCUIT COURT
v.            HONORABLE KAREN LYNN WILSON, JUDGE
                         ACTION NO. 17-CI-00755


RACHEL L. MARTIN                                                APPELLEE


                              OPINION
                             AFFIRMING

                          ** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: This case involves two separate and adjoining properties.

One property is owned by the Appellant, Morton Cooper, Successor Trustee of the

Marcia Hartung Cooper Revocable 1990 Trust (hereafter "Trust"), *et al*. The other property is owned by Appellee, Rachel Martin (hereafter "Martin"). Martin uses a private pipeline to provide gas service for her residence that connects to the main pipeline which was installed by the gas company. In order to facilitate this connection, Martin's private line extends underneath the Trust property. On July 9, 2017, James Brian Snow struck Martin's gas line while installing a fence on the Trust's property. Martin paid $3,304.00 to repair the gas line and her service was not restored until November of 2017.

Martin subsequently filed suit in Henderson Circuit Court alleging, *inter alia*, that she possessed a sub-surface easement across the Trust's property to provide gas service for her residence. The trial court granted partial summary judgment in Martin's favor and specifically concluded that she possessed a quasi-easement to access the Trust property for her gas line. The Trust now appeals as a matter of right arguing that the trial court erred in granting summary judgment and that it specifically erred in concluding that the grant of a quasi-easement was reasonably necessary to the enjoyment of Martin's property. For the following reasons, we disagree.[1]

---

[1] Martin did not file a brief on appeal.

# I.    STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. The Kentucky Supreme Court further explained this summary judgment standard in *Steelvest, Inc. v. Scansteel Service Center, Inc.*:

> While it has been recognized that summary judgment is designed to expedite the disposition of cases and avoid unnecessary trials when no genuine issues of material fact are raised, . . . this Court has also repeatedly admonished that the rule is to be cautiously applied. The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor. Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact. The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. It clearly is not the purpose of the summary judgment rule, as we have often declared, to cut litigants off from their right of trial if they have issues to try.

807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). "Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is de novo." *Univ. of*

---

[2] Kentucky Rules of Civil Procedure.

*Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted). With these standards in mind, we turn to the applicable law and the facts of the present case.

## II.    ANALYSIS

In granting partial summary judgment in Martin's favor, the trial court applied the elements necessary for establishing a quasi-easement:

> Generally, in order to prove a quasi-easement by implication of law, a party must show:  (1) that there was a separation of title from common ownership; (2) that before the separation occurred the use which gave rise to the easement was so long continued, obvious, and manifest that it must have been intended to be permanent; and, (3) that the use of the claimed easement was highly convenient and beneficial to the land conveyed.

*Carroll v. Meredith*, 59 S.W.3d 484, 490 (Ky. App. 2001) (citations omitted). The Court also observed additional relevant factors:

> (1) whether the claimant is the grantor or the grantee of the dominant tract; (2) the extent of necessity of the easement to the claimant; (3) whether reciprocal benefits accrue to both the grantor and grantee; (4) the manner in which the land was used prior to conveyance; and (5) whether the prior use was or might have been known to the parties to the present litigation.

*Id*. (internal quotation marks and citations omitted). Furthermore, "[w]hile all of the factors are considered, the factor involving necessity is considered the most important." *Cole v. Gilvin*, 59 S.W.3d 468, 477 (Ky. App. 2001). In concluding

-4-

that the necessary elements for a quasi-easement were satisfied, the trial court in the present case determined as follows:

> Martin's tract and the Trust's tract were separated from common ownership. The evidence is that Martin's gas line had been in use for forty years, well before the two tracts were separated and long enough to be considered permanent. The easement for the gas line is highly beneficial to Martin's tract. While it may technically be possible to move Martin's gas line, it would obviously be prohibitively expensive to do so.

In granting the Appellee's motion for summary judgment on the basis of the existence of a quasi-easement, the court denied Martin summary judgment as to her additional arguments that she possessed an easement by necessity or by prescription.

Without citation to the record, the Trust generally claims that "[t]he parties . . . can probably never know for certain, the exact date on which the offending gas line was installed." The Trust also argues that the pipeline cannot be obvious and manifest because of the fact that it was underground. Therefore, the Trust concludes that the requisite elements for obtaining a quasi-easement were not satisfied here. To the contrary, the three primary elements provided in *Carroll* are not absolute or exhaustive. *See Carroll*, 59 S.W.3d at 490 (emphasis added) ("*Generally*, in order to prove a quasi-easement by implication of law, a party must show . . . ."). *Carroll* also lists additional factors, with necessity being the most important. *Cole*, 59 S.W.3d at 477. As previously cited, the trial court here

-5-

specifically determined that the gas line easement was "*highly* beneficial to

Martin's tract." (Emphasis added.)

In support of its general argument that the easement at issue here is

not reasonably necessary, the Trust appears to imply that either relocating the

pipeline or building a new line would not be unreasonably expensive. In further

support, the Trust cites *Knight v. Shell*, wherein the Court concluded the following:

> The evidence shows beyond question that the roadway in
> dispute is not absolutely necessary to the use and
> enjoyment of the Knight farm, and considering the fact
> that it must be used jointly, if at all, with appellee, it is
> doubtful if it would be more convenient than the roadway
> recently constructed by appellants. The evidence
> likewise shows, as we have said, that the construction of
> the new road cost appellants the sum of $116.00, which
> certainly is not disproportionate to the value of the
> dominant estate as fixed in the deed; to wit, $16,000.00.

233 S.W.2d 973, 976 (Ky. 1950). We find this case to be of little utility in

resolving the present issue. Rather, the more recent published authority previously

cited herein is controlling. Moreover, the Trust has failed to cite to any evidence

of record indicating the construction cost of a new gas pipeline, or any other

relevant evidence. Lastly, the consideration of necessity need not be absolute. To

the contrary, it is "the extent of necessity of the easement" that the court considers.

*Carroll*, 59 S.W.3d at 490. In fact, "[a] greater degree of necessity is required to

create an easement by necessity than for a quasi-easement based on prior use." *Id*.

The remaining portion of the Trust's argument on appeal either lacks the necessary

citation to the record, or is speculative or conclusory. Therefore, we cannot conclude that the trial court erred in granting partial summary judgment in Martin's favor.

## III. <u>CONCLUSION</u>

For the foregoing reasons, we hereby affirm the judgment of the Henderson Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:         NO BRIEF FOR APPELLEE.

Harry L. Mathison, Jr.
Henderson, Kentucky