RENDERED:  JANUARY 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0888-MR

RON COPLEY AND RHONDA
COPLEY                                                                    APPELLANTS


APPEAL FROM ELLIOTT CIRCUIT COURT
v.        HONORABLE REBECCA K. PHILLIPS, JUDGE
ACTION NO. 16-CI-00007


GREER MINING, INC. AND ELMO
GREER & SONS, LLC                                                   APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Appellants, Ron and Rhonda Copley, sustained damage to

their home on February 10, 2015 as a result of blasting activity conducted as a part

of improvements being made to Route 7 in Sandy Hook, Kentucky, by Appellees,

Greer Mining, Inc., and Elmo Greer & Sons, LLC (hereafter "Greer").  On May

20, 2015, Appellants executed a document (hereafter, the "Release"), releasing

Greer and their insurer from liability in exchange for $105,976.10 in compensation. More than eight months later, Appellants filed a lawsuit seeking, *inter alia*, mental/emotional damages, and punitive damages for trespass to land, negligent infliction of emotional distress (NIED), and intentional infliction of emotional distress (IIED). After years of litigation, the trial court granted Greer's motion for summary judgment. In so holding, the court determined that Appellants failed to present evidence supporting their claims for IIED and NIED, and that emotional damages arising from the tort of trespass were not permitted under Kentucky law. However, in the final paragraph of its order, the trial court provided:

> [E]ven if such damages were to be deemed otherwise compensable in a claim for trespass, such "damages" would appear to be encompassed within the terms of the release to the extent they are tied to the claim for trespass.

As to the issue of punitive damages, the court concluded that they were also waived pursuant to the terms of the Release. In so holding, the court observed that "[t]he settlement of the property claim is all-inclusive and covers liability for all damages stemming from the injury to the property as a result of the occurrence." Appellants argue that the trial court erred in granting summary judgment in Greer's favor. Having considered the record and the law, we disagree.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. The Kentucky Supreme Court further explained this summary judgment standard in *Steelvest, Inc. v. Scansteel Service Center, Inc.*:

> While it has been recognized that summary judgment is designed to expedite the disposition of cases and avoid unnecessary trials when no genuine issues of material fact are raised, . . . this Court has also repeatedly admonished that the rule is to be cautiously applied. The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor. Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact. The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. It clearly is not the purpose of the summary judgment rule, as we have often declared, to cut litigants off from their right of trial if they have issues to try.

807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). "Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is *de novo*." *Univ. of*

---

[1] Kentucky Rules of Civil Procedure.

*Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted). With these standards in mind, we turn to the applicable law and the facts of the present case.

## ANALYSIS

The trial court engaged in an exhaustive analysis of Kentucky law and secondary source material concerning the availability of emotional damages arising from the tort of trespass. The court also discussed the Release at length. We believe that the Release is dispositive of all present issues. It provides in relevant part as follows:

> [The Copleys], being of lawful age and being competent to enter into this Release, for sole consideration of $105,976.10, to be paid to Ron and Rhonda Copley no later than 14 business days from the date Claimant executes this Release, does hereby and for my heirs executors, administrators, successors and assigns release, acquit and forever discharge The Travelers Indemnity Company, Elmo Greer & Sons Inc. and their agents, servants, employees, successors, heirs, executors, administrators and all other persons, firms, corporations, associations or partnerships of and from **any and all claims, actions, causes of action, demands, rights, damages**, costs, statutory interest, loss of service, expenses and compensation whatsoever which the Undersigned now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen, property damage and the consequences thereof resulting or to result from the occurrences on or about 02/10/2015 at or near 6824 Hwy 7, Sandy Hook, KY 41171.

(Emphasis added.)  The language employed in the release is all encompassing.  *See*

*Ohio Casualty Ins. Co. v. Ruschell*, 834 S.W.2d 166, 169 (Ky. 1992) (citation

omitted) ("the scope of a release is determined primarily by the intent of the parties

as expressed in the release instrument").  In that same vein, the Release is a

contract governed by the basic principles of contract law:

> Where a contract is ambiguous or silent on a vital
> matter, a court may consider parol and extrinsic evidence
> involving the circumstances surrounding execution of the
> contract, the subject matter of the contract, the objects to
> be accomplished, and the conduct of the parties.  **Absent
> an ambiguity in the contract, the parties' intentions
> must be discerned from the four corners of the
> instrument without resort to extrinsic evidence**.  A
> contract is ambiguous if a reasonable person would find
> it susceptible to different or inconsistent interpretations.
> The fact that one party may have intended different
> results, however, is insufficient to construe a contract at
> variance with its plain and unambiguous terms.
> Generally, the interpretation of a contract, including
> determining whether a contract is ambiguous, is a
> question of law for the courts and is subject to *de
> novo* review.  However, once a court determines that a
> contract is ambiguous, areas of dispute concerning the
> extrinsic evidence are factual issues and construction of
> the contract become subject to resolution by the fact-
> finder.

*Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App.

2002) (citations omitted) (emphasis added).  Having considered Appellants'

arguments, they have not cited to any authority or evidence of record that would

require this Court to look beyond the four corners of the Release in this instance.

Therefore, summary judgment in Greer's favor was appropriate and we need not address the merits of whether damages for emotional or mental distress arising from the tort of trespass are permitted under Kentucky law.

## **CONCLUSION**

For the foregoing reasons, we hereby affirm the order of the Elliott Circuit Court.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| William H. Wilhoit<br>Grayson, Kentucky | James R. Chadward Kessinger<br>Sean P. Johnson<br>Louisville, Kentucky |