RENDERED:  AUGUST 26, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0200-MR

BENJAMIN G. DUSING                                                              APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE GREGORY M. BARTLETT, JUDGE
ACTION NO. 17-CI-01097

METROPOLITAN PROPERTY &
CASUALTY INSURANCE
COMPANY                                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CETRULO AND McNEILL, JUDGES.

McNEILL, JUDGE:  This case involves an insurance dispute in which Appellant,

Benjamin G. Dusing (Dusing), alleges that a 2016 leased Mercedes was properly

insured by Appellee, Metropolitan Property & Casualty Insurance Company

(Metropolitan).  Metropolitan disclaims coverage for the vehicle, which was

destroyed by fire on June 25, 2016.  Dusing states that he was driving the vehicle

at the time it caught fire.  As a result, Dusing filed a complaint for declaratory judgment in Kenton Circuit Court on June 21, 2017.  The court subsequently granted what is styled as Metropolitan's "Motion for Judgment," on the basis that there was no coverage pursuant to the terms of insurance policy with Metropolitan (hereafter, the Policy).  Dusing appealed to this Court as a matter of right.  For the following reasons, we affirm the circuit court.

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR[1] 56.03.  "Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is *de novo*."  *Univ. of Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted).  With these standards in mind, we turn to the applicable law and the facts of the present case.  The Policy at issue here provides the following relevant terms:

> We will pay for loss to your covered automobile or to a non-owned automobile, including its equipment, not caused by collision, minus any applicable deductible shown in the Declarations.  Coverage is included for a loss caused by but not limited to the following:

---

[1] Kentucky Rules of Civil Procedure.

-2-

. . . .

        2.  Fire, explosion or earthquake . . . .

The Policy defines "non-owned automobile" as:

>     1. an automobile or trailer while being used by you or a
>        relative, with the owner's permission, which is not
>        owned by, furnished to, or made available for regular
>        use to you or any resident in your household.
>
>     . . . .
>
>     2. a commercially rented automobile or trailer used by
>        you or a relative on a temporary basis.

In granting a judgment in favor of Metropolitan, the circuit court

reasoned as follows:

> On March 31, 2016, BGD Law, a law firm owned by
> [Dusing] leased the 2016 Mercedes for a period of five
> years or 60,000 miles. That lease also provided a 24-
> month service agreement. The lease also charged BGD
> Law fees for license and registration of the vehicle.
>
> [Dusing] asserts that he is entitled to coverage for the
> loss of the 2016 Mercedes, claiming that that vehicle was
> a "non-owned" vehicle under the policy. In response
> Metropolitan takes the position that the 2016 Mercedes
> could not qualify as a "non-owned" vehicle for several
> reasons. First, the 2016 Mercedes was not provided on a
> temporary basis, but rather was the subject of a 5-year,
> 60,000 mile lease, with a 24-month service agreement.
> Second, Metropolitan states that the vehicle was not
> "commercially rented." Unlike a rental agreement, the
> 2016 Mercedes was provided to BGD Law and charged
> license and registration fees which are not standard for
> "commercially rented" vehicles.

> Having reviewed the evidence in this case and having considered the Briefs of the parties, this Court agrees with the position taken by Metropolitan that the 2016 Mercedes was not a "non-owned" vehicle which would allow it to be covered by the policy issued in 2015. In sum, there is no coverage for the loss to this vehicle under the Metropolitan policy.

It is undisputed that Dusing failed to purchase insurance coverage for the 2016 Mercedes. Therefore, it is not a "covered vehicle" pursuant to the Policy which, to be clear, is Dusing's personal Policy. We are also inclined to agree with the circuit court that a vehicle subject to a five-year lease cannot reasonably be considered as "non-owned" for purposes of the Policy. Indeed, it strains credulity to consider the 2016 Mercedes at issue here to be a "commercially rented" vehicle being used on a "temporary basis," merely because it was being leased by Dusing's law firm. Therefore, we do not believe that Dusing had a "reasonable expectation" of coverage here. Having considered the record and the law, we affirm the circuit court's summary judgment.

ALL CONCUR.


BRIEF FOR APPELLANT:

Brian P. O'Connor
Cincinnati, Ohio

BRIEF FOR APPELLEE:

Kenneth E. Dunn
Louisville, Kentucky