RENDERED: JANUARY 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0958-MR

RONALD B. STONE; JANE STONE;
RALPH A. JEKEL; AND SHERYL
JEKEL                                                    APPELLANTS

v.            APPEAL FROM JEFFERSON CIRCUIT COURT
              HONORABLE AUDRA J. ECKERLE, JUDGE
              ACTION NO. 20-CI-007035

REPUBLIC BANK AND TRUST
COMPANY                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE: Appellants, Ronald Stone and Ralph Jekel, operated a

machinist shop in Jefferson County, Kentucky. They had a line of credit with the

Appellee, Republic Bank and Trust Company (Republic). The line of credit was

changed to a direct loan in 2019. Republic extended the credit in reliance on

Appellants' Personal Financial Statements (PFS), wherein Appellants disclosed

their assets, including their ownership interests in their respective primary residences. Appellants defaulted on the loan and Republic filed the underlying suit as a result. The present issue concerns the transfer, prior to their default, of Appellants' interests in their personal residences to their wives, Appellants Sheryl Jekel and Jane Stone for $1.00 and $10.00.

The specific law at issue here is the Uniform Voidable Transactions Act (UVTA). *See* KRS[1] 378A.040 *et. seq.* Republic claims that the transfers were void, fraudulent, and deprived Republic of obtaining the deficiency balance on the loan. The Jefferson Circuit Court entered summary judgment in favor of Republic. The court's order contained eight specific findings under the UVTA. The court also stated that "[w]hile [Appellants] have not admitted that they harbored any actual intent to defraud, the intent can clearly be inferred by their actions and the timing of those actions." Appellants appealed to this Court as a matter of right. For the following reasons, we affirm.

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

---

[1] Kentucky Revised Statutes.

law." CR² 56.03. "Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is *de novo*." *Univ. of Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted).

Appellants raised four specific arguments on appeal: 1) They did not violate the UVTA; 2) they did not have the actual intent to hinder, delay, or to defraud the Appellees; 3) Appellee's motion is premature and should be overruled; and 4) Appellee's claim should be dismissed under the doctrine of *res judicata*. Having considered the record and the applicable law, Appellants have not presented any evidence or legal authority that would negate a judgment as a matter of law in this instance.

And although the parties were involved in previous litigation, Appellants have also not presented any convincing evidence or authority that would preclude the present claim under the doctrine of claim preclusion or issue preclusion. *See Constr. Fabrication, LLC v. Republic Bank & Tr. Co.*, No. 2020-CA-1610-MR, 2021 WL 5022025, at *3 (Ky. App. Oct. 29, 2021) ("Upon examination of the four corners of the guaranty documents, it is apparent that Jekel and Stone guaranteed the February 14, 2019, loan from Republic to Construction

---

² Kentucky Rules of Civil Procedure.

-3-

Fabrication in their individual capacities."). For the foregoing reasons, we affirm the circuit court.

LAMBERT, JUDGE, CONCURS.

DIXON, JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANTS:

James W. Dunn
Louisville, Kentucky

BRIEF FOR APPELLEE:

Joseph N. Tucker
Sarah S. Mattingly
Louisville, Kentucky