RENDERED:  JUNE 30, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0383-MR

MICHAEL S. BRANHAM AND
METELECTRIC ENERGY, LLC                                    APPELLANTS


v.              APPEAL FROM FRANKLIN CIRCUIT COURT
                HONORABLE PHILLIP J. SHEPHERD, JUDGE
                        ACTION NO. 21-CI-00671


COMMONWEALTH OF KENTUCKY,
ENERGY AND ENVIRONMENT
CABINET                                                             APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE:  This case concerns the breach of an agreement about mining

operations.  Appellants are Michael S. Branham (Branham), and MetElectric

Energy, LLC (MetElectric).  Appellee is the Commonwealth of Kentucky, Energy

and Environment Cabinet (Cabinet).  MetElectric is a surface coal mining

permittee located in Floyd County, Kentucky. Branham is its sole member-manager.

Due to failure to follow Kentucky's rules and regulations governing mining operations, the Cabinet cited and fined Appellants for various violations, including coal mining reclamation requirements. Reclamation "means the reconditioning of the area affected by surface coal mining operations under a plan approved by the cabinet[.]" KRS[1] 350.010(12). The parties eventually entered into a twenty-nine page amended agreed order in September of 2019 (Agreed Order). The signatories to the Agreed Order include the present parties and the reclamation bond surety, Lexon Insurance Company.

Appellants breached the Agreed Order for failure to comply with its requirement to pay reduced monthly civil penalty installments of $25,000. After receiving notice of their breach, Appellants failed to cure within a fourteen-day period provided by the Agreed Order. As a result, the Cabinet filed suit in Franklin Circuit Court. The court granted summary judgment in favor of Cabinet, thereby enforcing the terms of the Agreed Order, including the pecuniary penalties for breach. In addition to finding that Appellants failed to make the necessary payments pursuant to the Agreed Order, the court also concluded that "there is no dispute that the amount of highwall reclaimed falls short of the amount that is

---

[1] Kentucky Revised Statutes.

required . . . ." Appellants filed a motion to alter, amend, or vacate that order, which was denied.[2] Appellants now appeal the summary judgment as a matter of right. For the following reasons, we affirm.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[3] 56.03. The Kentucky Supreme Court further explained this summary judgment standard in *Steelvest, Inc. v. Scansteel Service Center, Inc.*:

> While it has been recognized that summary judgment is designed to expedite the disposition of cases and avoid unnecessary trials when no genuine issues of material fact are raised, . . . this Court has also repeatedly admonished that the rule is to be cautiously applied. The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor. Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact. The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. It clearly is

---

[2] In its order denying post-judgment relief, the court indicated that Appellants' counsel "made a vigorous argument that Mr. Branham acted in good faith . . . ." The court also indicated that it is "mindful that this dispute dates back many years, and the Cabinet has showed flexibility and leniency many times before, which resulted in the present Agreed Order. While the result may be harsh, the Cabinet is within its rights to enforce the Agreed Order."

[3] Kentucky Rules of Civil Procedure.

not the purpose of the summary judgment rule, as we
have often declared, to cut litigants off from their right of
trial if they have issues to try.

807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). "Because no factual issues

are involved and only a legal issue is before the court on the motion for summary

judgment, we do not defer to the trial court and our review is *de novo*." *Univ. of*

*Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted). With

this standard in mind, we return to facts and issues in the present case.

## ANALYSIS

Appellants' sole argument on appeal is that the circuit court erred in

granting the Cabinet's motion for summary judgment because numerous genuine

issues of material facts exist. They specifically assert that MetElectric sent the

Cabinet a "COVID 19 Application for Temporary Regulatory Flexibility,"

requesting an extension of the curative period. The reasoning behind this request

is unspecified, and there is no indication that the appropriate department received

the form. What is clear, however, is that pursuant to the Agreed Order:

[The] fourteen (14) day period **may** be extended by the
Cabinet if **MetElectric** is actively pursuing a cure for the
breach and requests, in writing, additional time.

(First emphasis added.) Therefore, the circumstances surrounding Appellants'

alleged request for an extension are of limited relevance here. The Agreed Order is

not an instrument of equity, and any decisions concerning extensions of the

curative period are the discretion of the Cabinet. Furthermore, the Agreed Order was a product of previous written agreements between the parties. And the parties here involve sophisticated individuals and entities, presumably well-versed in contractual obligations. In any event, Appellants have not presented any genuine issue of material fact that would require reversal.

## **CONCLUSION**

For the foregoing reasons, we AFFIRM the Franklin Circuit Court's order entered on January 24, 2022.

ALL CONCUR.

| BRIEFS FOR APPELLANTS: | BRIEF FOR APPELLEE: |
| --- | --- |
| Billy R. Shelton<br>Lexington, Kentucky | Lance C. Huffman<br>Leilani Martin<br>Frankfort, Kentucky |