RENDERED: JULY 7, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1057-MR

DARON DEAN AND LISA
DEAN                                                                    APPELLANTS


                    APPEAL FROM LAWRENCE CIRCUIT COURT
v.                  HONORABLE JOHN DAVID PRESTON, JUDGE
                    ACTION NO. 20-CI-00107


SUNSET RANCH KENTUCKY,
LLC                                                                       APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, JONES, AND LAMBERT, JUDGES.

JONES, JUDGE: Daron and Lisa Dean ("the Deans") appeal the Lawrence Circuit

Court's summary dismissal of quiet title and restitution claims they asserted

against appellee Sunset Ranch Kentucky, LLC ("Sunset"). Having carefully

reviewed the record, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Deans and Sunset own separate tracts of land in Lawrence County, Kentucky, and a dispute arose between them as to the ownership of a narrow swath of land consisting of approximately fifty-five acres (hereinafter, the "Acreage"). The Deans asserted their tract as described in their deed encompassed the Acreage, and they obtained a survey from Eastham & Associates in support of their position. Sunset, for its part, asserted the Acreage was exclusively within its own tract, and it obtained a survey from Westek Development, LLC, in support of its position. In June 2020, to resolve their continuing disagreement, Sunset filed a declaratory action against the Deans in Lawrence Circuit Court to quiet title to the Acreage. The Deans answered and counterclaimed, asking for the same relief; alternatively, they asked for restitution, claiming that if they were not deemed the legal owners of the Acreage, they were entitled to reimbursement for what they represented were the *ad valorem* taxes they had been paying in relation to the Acreage since 1999.

As litigation progressed, the Deans filed a motion for the circuit court "to appoint an independent surveyor in order to determine the ownership of the property in dispute between [Sunset] and [the Deans]." Their motion suggested several different surveyors for this task, including Dewey Bocook, and concluded as follows:

[The Deans] propose any advance or up-front costs required by the surveyor, if any, shall be split equally by [Sunset] and the Deans, with the losing party to be responsible for all fees, costs or expenses of the surveyor incurred in this matter.

Wherefore, the Deans, by and through counsel, hereby respectfully request that this Honorable Court appoint an independent surveyor to resolve the property disputes between the parties, and such other further relief that this Honorable Court deems just and proper. A proposed Order is attached.

Sunset did not oppose the Deans' motion or their suggestion to appoint Bocook as the independent surveyor. Accordingly, on February 20, 2021, the circuit court entered the order that the Deans had tendered with their motion. In full, the order provided:

Having heard the positions of the parties, the Court hereby sustains [the Deans'] Motion for Appointment of [a] Surveyor, and appoints Dewey Bocook as surveyor to assist the parties in resolving their dispute as to the ownership of the subject property. Any advance or up-front costs required by the surveyor, if any, shall be split equally by [Sunset] and the Deans, with the losing party to be responsible for all fees, costs or expenses of the surveyor incurred in this matter.

On or about January 13, 2022, the parties received Bocook's completed report pertaining to the ownership of the disputed Acreage. In its preface, Bocook stated "[t]he purpose of this report is to evaluate the property surveys in the above-mentioned Civil Action Case conducted by Eastham & Associates (Eastham) and Westek Development, LLC (Westek). Said surveys are

-3-

of the property owned by Daron F. Dean, et ux as recorded in Deed Book 244, Page 697 and property owned by Sunset Ranch Kentucky, LLC as recorded in Deed Book 337, Page 64." Bocook explained that "[a] site inspection was conducted but no field surveys were made on the property. Location of field data was taken from both the Eastham and the Westek plats." Bocook's report then proceeded to a detailed analysis of the parties' deeds, the Eastham and Westek surveys, as well as several topographic maps relating to Sunset's and the Deans' respective properties, and concluded as follows:

> As shown, these two properties [(*i.e.*, Sunset's and the Deans' tracts)] are located approximately 3.4 miles from each other. The Dean property recorded in Deed Book 244, Page 697 is mostly located in Boyd County with only a small portion of lots 5 and 8 of the Division of Land of William D. Bolt[1] possibly being in Lawrence County. The Sunset Farms property is located on Slab Branch in Lawrence County. It is my opinion, the deed to Daron F. Dean, et ux as recorded in Deed Book 244, Page 697 does not overlap onto the Sunset Ranch Kentucky, LLC. It is my opinion that the boundary survey conducted by Westek of the Sunset Ranch Kentucky, LLC as recorded in Deed Book 377, Page 64 is correct.

On June 20, 2022, Sunset moved the court, pursuant to the February 20, 2021 order, to accept the Bocook report as conclusive regarding the location of the disputed Acreage, and to therefore grant it summary judgment regarding its

---

[1] As set forth in their deed, the Deans' tract consists of six parcels that were originally part of the land of William D. Bolt.

quiet title action and the Deans' counterclaim for restitution. Subsequently, the Deans filed an objection and moved the circuit court to set a trial date. In support, the Deans stated they were "not certain of the methodology Mr. Bocook used to arrive at the opinions expressed in the report[,]" and asserted that "[t]he Bocook report may be persuasive evidence but it is certainly not conclusive" because "Mr. Bocook did not conduct a survey or perform the work as contemplated by the Deans when the Motion for Appointment of Surveyor was filed."

Thus, the Deans contended Bocook's opinion was of no binding effect, and that their survey from Eastham & Associates was sufficient evidence to overcome Sunset's motion for summary judgment. They also argued additional evidence supported either their claim of title to the Acreage or their claim for restitution. Specifically, they pointed to a title opinion regarding their deed that had been provided to them in 1999 by attorney Matthew J. Wixsom; and they also cited printouts of what they represented were records from the Lawrence County Property Valuation Administrator ("PVA") indicating they had been paying *ad valorem* taxes on the disputed acreage.

On August 1, 2022, the circuit court entered its order granting Sunset's motion. Also, because the Deans were the losing parties in this dispute, its order directed the Deans to pay Sunset $2,500 "for the fees, costs or expenses of

-5-

Dewey Bocook" consistently with the February 20, 2021 order.  This appeal followed.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR[2] 56.03.  "Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is *de novo*."  *Univ. of Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted).  Likewise, we review issues of contract construction *de novo*.  *See Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 105 (Ky. 2003).

## ANALYSIS

The circuit court disposed of this matter by summarily enforcing what it properly regarded as the equivalent of an agreed order or contract between the parties to arbitrate or settle their quiet title dispute through a third party.  Indeed, the Deans do not dispute that the circuit court's unopposed February 20, 2021 order – taken in conjunction with their motion "to appoint an independent surveyor

---

[2] Kentucky Rule of Civil Procedure.

-6-

in order to determine the ownership of the property in dispute between [Sunset] and [the Deans]" – asked the circuit court to appoint Bocook "to resolve the property disputes between the parties" and determine "the losing party." Nevertheless, the Deans insist that Bocook's opinion was of no binding effect and that summary judgment was inappropriate for the reasons they advanced before the circuit court.

Accordingly, we begin with the Deans' contention that Bocook's opinion was not dispositive of this matter because they are "not certain of the methodology Mr. Bocook used to arrive at the opinions expressed in the report[,]" and because "Mr. Bocook did not conduct a survey or perform the work as contemplated by the Deans when the Motion for Appointment of Surveyor was filed." To their first point, Bocook's methodology was set forth in his detailed, four-page report, and it speaks for itself. They have had Bocook's report in their possession since January 13, 2022, and had ample time to review it. Their continued, unelaborated-upon uncertainty regarding his methodology is not rebuttal evidence. Nor, for that matter, would it justify remanding this matter for additional discovery, if that is what the Deans are attempting to argue. *See Carberry v. Golden Hawk Transp. Co.*, 402 S.W.3d 556, 564 (Ky. App. 2013) (explaining "[t]here is no requirement that discovery be completed, only that the

non-moving party have had an opportunity to do so." (internal quotation marks and citation omitted)).

As for their second point, the Deans may have subjectively expected Bocook to conduct a survey to support his opinion, but nothing in the February 20, 2021 order – which *they* drafted and tendered – required him to do so. "The fact that one party may have intended different results . . . is insufficient to construe a contract at variance with its plain and unambiguous terms." *Abney v. Nationwide Mutual Insurance Company*, 215 S.W.3d 699, 703 (Ky. 2006) (citation omitted). Here, the plain and unambiguous terms of the February 20, 2021 order contemplated delegating Bocook broad discretion in resolving the parties' dispute. Consistently with that delegation, it may certainly be implied that the parties intended for Bocook – like any other expert – to utilize appropriate information and methodologies; and that like any neutral arbiter, they intended he would render a decision in good faith, not a decision procured by corruption, fraud, or other undue means. But there is no suggestion Bocook relied upon inappropriate information; the Deans stop short of criticizing Bocook's methodologies; and no one argues Bocook failed to reach his decision in good faith. Consequently, we can find no error in the circuit court's decision to uphold the Deans' agreed-upon obligation under the February 20, 2021 order – *i.e.*, their agreement to abide by

Bocook's decision, irrespective of the results of their own survey from Eastham & Associates. It was a proper basis of summary dismissal.

As for the Deans' two remaining arguments, first, as they did below, the Deans argue that a title opinion they obtained from attorney Matthew J. Wixsom in 1999 supports their claim that they own the Acreage at issue in this matter. However, any such notion is undermined by a plain reading of Wixsom's title opinion itself: Wixsom's opinion bears a disclaimer that it is subject to any "[m]atters which would be revealed by an accurate survey and inspection of the premises[,]" and his opinion made no attempt to locate the Deans' property on any map.

Second, the Deans maintain that printouts of what they represent are records from the Lawrence County PVA indicate that they have been paying *ad valorem* taxes on the disputed Acreage for several years. The printouts consist of: (1) two aerial photographs of terrain overlaid with various boundary lines; and (2) three spreadsheets indicating the Deans have paid taxes on acreage attributable to "Deed 244-697." The Deans assert that the spreadsheets reference the photographs; and that the photographs originated from the PVA office and effectively locate the boundaries of their property in line with their survey from Eastham & Associates.

We disagree.  Even if the photographs that the Deans have referenced and appended to their brief do indicate that the PVA located the boundaries of the Deans' property in line with the Eastham & Associates survey, they would be irrelevant.  "[I]nsofar as [the Deans] rel[y] on the property valuation administrator's records, those records do not establish title." *Stevens v. Peyton*, No. 2015-CA-000761-MR, 2017 WL 128600, at *4 (Ky. App. Jan. 13, 2017).[3] Further underscoring that point, the photographs that the Deans cite each bear the following disclaimer, written in bold, red lettering:  "Lines Estimated Not for Conveyance Not Responsible for Inaccuracies."  Additionally, the various spreadsheets the Deans have produced indicate that the only taxes the Deans have paid are attributable to the acreage encompassed in their *own* deed.  According to Bocook – whose opinion the Deans agreed would "resolve the property disputes between the parties" – the acreage encompassed in their *own* deed was not the Acreage at issue in *this* matter.

## CONCLUSION

Considering what is set forth above, we AFFIRM the decision of the Lawrence Circuit Court.

---

[3] Although unpublished, we cite *Stevens v. Peyton* as persuasive authority pursuant to Kentucky Rules of Appellate Procedure (RAP) 41.

ALL CONCUR.


BRIEFS FOR APPELLANTS:        BRIEF FOR APPELLEE:

Scott W. Andrews           David L. Baird
Ashland, Kentucky         Pikeville, Kentucky