RENDERED: FEBRUARY 9, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0110-MR

VANESSA BURNS                                                                APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 21-CI-005435


BEATRICE AISTROP                                                              APPELLEE


OPINION
REVERSING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: In 2021, Appellee, Beatrice Aistrop, tripped and fell while walking on a public sidewalk in Louisville, Kentucky. As a result of injuries sustained, she filed suit in Jefferson Circuit Court seeking damages against the City of Louisville and Appellant, Vanessa Burns. Ms. Burns is the Director of Louisville Metro Public Works, which is responsible for solid waste management, traffic signals, electrical maintenance, road maintenance, road signs and markings, and engineering. Sidewalks are included in road maintenance.

The Jefferson County Attorney filed a motion to dismiss the City of Louisville, and Ms. Burns in her official capacity, based on the doctrine of sovereign immunity. The court granted the motion. Ms. Burns, in her individual capacity, filed a motion summary judgment based on her qualified immunity, which the court denied. The court reasoned in part as follows: "[s]omeone has to be the individual responsible for keeping sidewalks safe in our community. Burns seems to be that person." Ms. Burns appeals to this Court as a matter of right. For the following reasons, we reverse.[1]

## STANDARD OF REVIEW

As an initial matter, we note that the denial of a motion for summary judgment is generally considered an interlocutory order and is not appealable. However, an order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final order. *Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009). As a result, we have jurisdiction to address Ms. Burns' claim that the circuit court improperly denied her motion for summary judgment.

---

[1] The record does not indicate whether notice required by Kentucky Revised Statutes (KRS) 411.110 has been satisfied here. To be clear, this issue has not been raised. We note this provision only to indicate its potential relevancy in future cases. *Compare Muhammad v. City of Louisville*, No. 3:05CV-506-H, 2006 WL 3043422, at *2 (W.D. Ky. Oct. 18, 2006), *with Settle v. Franconia*, No. 2022-CA-0099-MR, 2023 WL 3556331, at *2 (Ky. App. May 19, 2023), *review denied* (Dec. 6, 2023).

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. "Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is de novo." *Univ. of Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted). With this standard in mind, we turn to the substantive law and the facts of the present case.

## ANALYSIS

The sole question on appeal is whether the circuit court properly denied Ms. Burns' motion for summary judgment based upon qualified immunity. Qualified official immunity applies to a negligent act or omission by a public officer or employee for his or her "(1) discretionary acts or functions, i.e., those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment . . . ; (2) in good faith; and (3) within the scope of the employee's authority." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001) (citing RESTATEMENT (SECOND) OF TORTS § 895D (1979)). However, qualified immunity does not extend to the negligent performance of ministerial acts. *Id*. In *Marson v.*

---

[2] Kentucky Rules of Civil Procedure.

-3-

*Thomason*, 438 S.W.3d 292 (Ky. 2014), the Kentucky Supreme Court observed that the distinction between ministerial and discretionary duties is often difficult to discern. *Id.* at 296.

> At its most basic, a ministerial act is "one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." [*Yanero*, 65 S.W.3d] at 522. . . . In reality, a ministerial act or function is one that the government employee must do "without regard to his or her own judgment or opinion concerning the propriety of the act to be performed." 63C Am.Jur.2d *Public Officers and Employees* § 318 (updated through Feb. 2014). In other words, if the employee has no choice but to do the act, it is ministerial.
>
> On the other hand, a discretionary act is usually described as one calling for a "good faith judgment call[] made in a legally uncertain environment." *Yanero*, 65 S.W.3d at 522. It is an act "involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment." *Id.* Given the volume of litigation on the subject, it is clear that these definitions are not a model of clarity. No doubt, this is due to their having been written in general, somewhat sweeping terms.

*Id.* at 297. In addition to the aforementioned authority, we find *Wales v. Pullen* particularly instructive. 390 S.W.3d 160, 167 (Ky. App. 2012).

In *Wales*, Plaintiff sued Ted Pullen, the Director of the Louisville Metro Department of Public Works at the time, for injuries resulting from the alleged failure to remove a downed tree that was in the roadway or otherwise warn

motorists about the tree.  *Id*. at 163.  The trial court granted Pullen summary

judgment on the basis of qualified immunity.  The Court of Appeals affirmed and

explained:

> As the director of public works, Pullen presided over a
> department with eight divisions and nearly 800
> employees. . . .  We agree with the trial court that none of
> these duties involve obedience to the orders of others or
> the execution of any specific act, such that they are
> ministerial in nature.  Thus, Pullen's duties were
> discretionary in nature under *Yanero*.  Pullen was entitled
> to qualified immunity[.]

*Id*. at 167.  In contrast, Ms. Aistrop cites to an earlier unpublished decision by this

Court also involving Director Pullen.  *See Pullen v. Conder*, No. 2009-CA-000450-

MR, 2010 WL 4295582, at *3 (Ky. App. Oct. 29, 2010).  Therein, the Court

reasoned:

> In his complaint, Conder alleged that Pullen had a
> duty to maintain the sidewalk.  In his answer, Pullen
> denied any such duty.  Therefore, at this stage of the
> litigation, the question before the court was:  did Pullen
> have a duty to repair defective sidewalks?  In his
> affidavit, Pullen stated that he makes decisions regarding
> a number of things, including what "sites requir[e]
> maintenance, remodeling, and repair."  Furthermore,
> Pullen stated that his Department responds to citizen
> complaints about sidewalk defects.  Pullen did not state
> that he or the Department can choose not to repair a
> sidewalk.  Therefore, Pullen admitted that the
> Department has responsibility for repairing sidewalks, an
> admission confirmed by the Department's website.
> Because repairing sidewalks is mandatory, doing so is a
> ministerial function of Pullen's office.  How to make
> repairs and, possibly, when to make those repairs, would

be discretionary functions of Pullen's office, but, on the record as it currently exists, making repairs is ministerial. Just as the coaches in *Yanero* were required to enforce the rule regarding the use of batting helmets, the Department and Pullen, as its head, are required to maintain sidewalks. Because that function is not discretionary but ministerial, the trial court correctly denied Pullen's motion for summary judgment on the issue of qualified immunity.

*Id.*

On balance, the present case is more like *Wales* than *Pullen*. *Wales* is also the more recent of the two, and is published. And we agree with Ms. Burns that the record here is more complete than in *Pullen*, and indicates the discretionary nature of her executive role. More precisely, her deposition testimony indicates that no individuals were specifically tasked with proactively assessing the concrete labyrinth crisscrossing our Commonwealth's largest Metro area. However, once a complaint was filed, an assessment of the alleged defect would be made by those Metro employees or agents possessing the relevant expertise and skill necessary. The most poorly rated sidewalks would receive repair priority. There is no indication that Ms. Burns had any connection to the day-to-day workings of the specific subordinate subdivision tasked with repairing sidewalks. Therefore, at least in this instance, Ms. Burns' acts and functions pertaining to sidewalk repair were discretionary.

And of course, the entirety of this system of assessment and repair is confined by the discretionary fiscal realities facing all of our municipalities – from our towering towns to our most humble hamlets. Nevertheless, we find Ms. Burns' final argument unconvincing – that the present action was barred by the Claims Against Local Governments Act (CALGA), KRS 65.200 *et seq*. A similar issue was addressed by this Court in *Russell v. City of Owensboro*, No. 2012-CA-002006-MR, 2014 WL 1407238, at *5 (Ky. App. Apr. 11, 2014). Therein, the Court held:

> the City's Sidewalk Plan falls squarely within the quasi-legislative authority of the City and its decision regarding which sidewalks to repair was made in its discretion when allocating the City's resources. Consequently, we hold it is exempt from liability under the CALGA.

Unlike the present case, the holding was confined to the defendant, the City of Owensboro. And the plan at issue, the "Sidewalk Policy and Construction and Maintenance Plan," was expressly established "because the City lacks the physical and financial ability to repair the many miles of sidewalks within the City." *Id*. at *1. No such evidence exists in the present case. Therefore, while the reasoning in *Russell* may be sound, it is distinguishable from the present case, is unpublished, and has not been applied on its merits since its rendition in 2014. Although instructive, *Russell* is certainly not dispositive here, and we decline the invitation to extend it further.

## CONCLUSION

For the foregoing reasons, we reverse the Jefferson Circuit Court's denial of summary judgment.

COMBS, JUDGE, CONCURS.

JONES, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Michael J. O'Connell
Jefferson County Attorney

Richard Elder
Roy C. Denny
Assistant Jefferson County Attorneys
Louisville, Kentucky

BRIEF FOR APPELLEE:

Damon Blake Willis
Louisville, Kentucky